Jeffrey CHAMBERS, et al.

v.

CITY OF CHATTANOOGA.

Court of Appeals of Tennessee,
at Knoxville.

Oct. 3, 2001.

Application for Permission to Appeal Denied
and Publication Recommended by Supreme Court
March 4, 2002.

Douglas M. Cox, Chattanooga, TN, for appellant City of Chattanooga.

Douglas M. Campbell, Chattanooga, TN, for appellees Jeffrey Chambers and Tennessee Farmers Mutual Insurance Company.

## OPINION

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

Jeffrey Chambers ("Chambers"), a police officer with the City of Chattanooga ("City"), was involved in an automobile accident. The City concluded Chambers was not acting in the course and scope of his employment when the accident occurred and refused to provide him a defense in the automobile accident lawsuit. After a jury concluded that Chambers was acting in the course and scope of his employment but exonerated him and the City of any liability, Chambers filed suit seeking to recover his attorney fees from the City. The Trial Court held that Chambers was entitled to his attorney fees under the doctrine of implied indemnity. We reverse.

### Background

Micah McKinney ("McKinney") and April Carmichael ("Carmichael") filed a personal injury lawsuit against Chambers, the City, and William J. Harllee ("Harl-

lee") arising out of an automobile accident. It was alleged that Chambers suddenly pulled into the path of the vehicle driven by McKinney, resulting in the McKinney vehicle being hit from behind by the vehicle driven by Harllee. Chambers was a police officer employed by the City when this accident occurred. The City decided that Chambers was not acting within the course and scope of his employment at the time of the automobile accident and declined to provide Chambers with a defense in the lawsuit. Chambers' personal automobiles were insured through Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). When the City refused to provide Chambers a defense to the lawsuit, Tennessee Farmers undertook his legal defense. The cost of this defense totaled $12,979.86.

The automobile accident lawsuit was tried to a jury. The jury made two findings relevant to this appeal. First, the jury found that Chambers was acting in the course and scope of his employment at the time of the automobile accident. Second, the jury found in favor of both Chambers and the City on the claims brought by McKinney and Carmichael.[1] Judgment was entered on the jury verdict and no appeal was filed.

Chambers and Tennessee Farmers then filed this suit against the City seeking reimbursement for the attorney fees incurred by Chambers and paid by Tennessee Farmers in the defense of the automobile accident lawsuit. They claimed Chambers was entitled to a defense under the City's liability policy because Chambers was acting in the course and scope of his employment with the City. They further claimed the City had a common law duty to defend Chambers and the City's

---

1. Judgment was entered against Harllee for $2,619.40 on the claims of McKinney and    Carmichael.

refusal to provide a defense was a breach of Chambers' employment contract with the City. In its Answer, the City asserted it was self-insured and that no insurance policy existed. The City further alleged there was no requirement in Chambers' employment agreement that would require the City to defend him in the automobile accident lawsuit.

As the facts were undisputed, each side filed a motion for summary judgment. The Trial Court granted Chambers' and Tennessee Farmers' motion for summary judgment. In so doing, the Trial Court held that the doctrine of "implied indemnity" was applicable and, therefore, the City had a duty to defend Chambers. The Trial Court entered judgment in favor of Chambers for $12,979.86, and the City appeals.

### Discussion

The parties phrase the issue to be resolved somewhat differently. While not exactly stated as such, the City states the issue as whether or not the Trial Court erred in awarding attorney fees to Plaintiffs under the rule of implied indemnity. Plaintiffs frame the issue as whether or not the City had a statutory duty to insure or indemnify Chambers as its employee for a claim for which the City, as a governmental entity, claimed immunity.

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.,* 15 S.W.3d 83 (Tenn.2000):

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met.

*See Hunter v. Brown,* 955 S.W.2d 49, 50–51 (Tenn.1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn.1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn.1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn.1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn.1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn.1998); *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-

moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210–11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn.1995).

*Staples,* 15 S.W.3d at 88–89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn.1999)(quoting *Byrd v. Hall,* 847 S.W.2d at 211).

The facts in this case are undisputed, and this was a proper case for resolution by summary judgment. Relying solely on *Pullman Standard, Inc., v. Abex Corp.,* 693 S.W.2d 336 (Tenn.1985), the Trial Court concluded that the doctrine of "implied indemnity" required the City to indemnify Chambers for the attorney's fees expended in the defense of the automobile accident lawsuit. *Pullman* was a case of first impression, and our Supreme Court held that attorney fees can be recovered under an implied indemnity agreement in appropriate cases. In this appeal, we *must decide whether the Trial Court was* correct in holding that this was an appropriate case in which to apply this doctrine.

In *Pullman,* the Supreme Court continued to adhere to the rule that attorney fees are not recoverable in the absence of a statute or contract specifically providing for such recovery, or a recognized ground of equity. In recognizing an exception to this rule, the Court held that "the right of indemnity which arises by operation of law, based on the relationship of the parties, ... includes the right to recover attorneys' fees and other litigation costs which have been incurred by the indemnitee in litigation with a third party." *Id.* at 338. The right to recover under this theory, however, is not

> based upon the failure of the indemnitor to fulfill an obligation to take over the indemnitee's defense or upon the existence of some benefit to the indemnitor arising from the defense conducted by the indemnitee. Instead, it is, like the right of the indemnitee to be indemnified for any judgment or settlement it pays, based upon the relationship between the parties *and their respective degrees of fault.*

*Pullman,* 693 S.W.2d at 339 (emphasis added). Thus, the indemnitee's right to recover its attorney's fees under this theory does not depend upon the fact that the indemnitee was required to defend itself in a prior lawsuit. Rather, it depends upon the indemnitee being forced to defend itself due to some fault or wrongdoing by the indemnitor. *Electric Controls v. Ponderosa Fibres of America,* 19 S.W.3d 222, 229–230 (Tenn.Ct.App.1999). In *Electric Controls,* this Court noted that pursuant to *Pullman,* an indemnitor may be required to pay the indemnitee's attorney fees even if the indemnitee was not forced to pay a judgment or settlement to a third party. *Id.* at 229. This Court explained that "we do not interpret the supreme court's rejection of this requirement [of a judgment or settlement payment] to mean

that an indemnitee seeking an award of attorney's fees need not allege or prove some degree of fault on the part of the indemnitor." *Id.*

In our opinion, the doctrine of implied indemnity has no application in this case because there are no allegations of fault or wrongdoing on the part of the City with regard to the automobile accident. Its potential liability was purely vicarious. The implied indemnity doctrine applies when one party has to incur attorney fees to defend an action resulting from another's fault. We find no Tennessee authority to support Chambers' position that this doctrine is applicable when one party who was, or even was not, at fault or guilty of wrongdoing pays his or her own attorney fees and seeks indemnity from another party who was not at fault. We conclude the Trial Court committed reversible error when it determined that the doctrine of implied indemnity entitled Chambers to a judgment for the attorney's fees expended in defending the automobile accident lawsuit.

Chambers' main argument on appeal is that the Trial Court was right, even though for the wrong reason, because he was entitled to indemnification pursuant to § 29–20–310 of the Tennessee Governmental Tort Liability Act. As it pertains to this appeal, Tenn.Code Ann. § 29–20–310 provides, in relevant part:

(b) No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for medical malpractice brought against a health care practitioner . . . .

(c) No claim may be brought against an employee or judgment entered against an employee for injury proximately caused by an act or omission of the employee within the scope of the employee's employment for which the governmental entity is immune in any amount in excess of the amounts established for governmental entities in § 29–20–403, unless the act or omission was willful, malicious, criminal, or performed for personal financial gain. . . . .

(d) Local governmental entities shall have the right, as a matter of local option, to elect to insure or to indemnify their employees for claims for which the governmental entity is immune under this chapter arising under state or federal law upon such terms and conditions as the local government may deem appropriate; provided, that such indemnification may not exceed the limits of liability established for governmental entities in § 29–20–403 except in causes of action in which the liability of governmental employees is not limited as provided in this chapter.

The role of the courts in construing statutes is to ascertain and give effect to the legislative intent. *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995); *Wilson v. Johnson County,* 879 S.W.2d 807, 809 (Tenn.1994). "Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Cronin,* 906 S.W.2d at 912.

The City concluded that Chambers was not acting in the course of his employment when the automobile accident occurred and, therefore, the City was immune from suit. Chambers argues that having made the determination that it was immune, the City then was required to insure or indemnify him pursuant to Tenn.Code Ann. § 29–20–310(d), *supra.* Chambers argues that pursuant to Tenn.Code Ann. § 29–20–310(d), once the City determined it was

immune, it had only two options: either to elect to insure him, or elect to indemnify him. Chambers' argument is that even if the City correctly determined that its employee was acting outside the scope of his employment, the City then either had to insure him or indemnify him. We find nothing in the statute to indicate that the Legislature intended to require a governmental entity to insure or indemnify its employees for their actions outside their scope of employment.

■ The City argues that while it had the option of insuring or indemnifying Chambers, it also had the option of doing neither. We agree with the City's interpretation of the statute. We hold that the City's determination, even though in error, that Chambers was not acting within the scope of his employment did not trigger a statutory duty either to insure or indemnify Chambers under Tenn.Code Ann. § 29–20–310(d). While the City had the option under this statutory provision to insure or indemnify Chambers, we conclude the statute did not require it to do so. The Trial Court erred in awarding Chambers judgment.

### Conclusion

The judgment of the Trial Court is reversed. This case is remanded to the Trial Court for further proceedings as may be required, if any, consistent with this Opinion, and for collection of costs below. Costs of appeal are taxed to the Appellees Jeffrey Chambers and Tennessee Farmers Mutual Insurance Company.