IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2007 Session

## CRACKER BARREL OLD COUNTY STORE, INC., ET AL. v. RICHARD EPPERSON, ET AL.

Appeal from the Chancery Court for Davidson County
No. 05-2220-II     Carol McCoy, Chancellor

No. M2006-02424-COA-R3-CV - Filed March 4,  2008

In denying a request for attorneys' fees in an action involving the enforcement of a declaration of easements and restrictions, the trial court found the phrase "costs and expenses" in that declaration does not include recovery of attorneys' fees.  The trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which E. RILEY ANDERSON, SP. J., joined.  FRANK G. CLEMENT, JR., J. filed a dissenting opinion.

C. Dewees Berry, Nancy S. Jones, Nashville, Tennessee, for the appellants, Cracker Barrel Old Country Store, Inc. and Cracker Barrel Associates LLC.

William T. Ramsey, Jonathan H. Wardle, Nashville, Tennessee, for the appellees Richard Epperson and Timothy Causey.

## OPINION

The sole issue on appeal is whether the parties intended to include attorneys' fees in an agreement that allowed recovery of litigation cost and expenses.

Cracker Barrel Old County Store, Inc., and Cracker Barrel Associates LLC (collectively "Cracker Barrel") filed suit against Mr. Richard Epperson and Timothy Causey (collectively "defendants") alleging that defendants' plan to expand their building violated the Declaration of Reciprocal Rights and Easement and Restrictive Covenants ("Declaration") which governed the use of both the properties of Cracker Barrel and defendants.  As part of that action, Cracker Barrel requested that it be awarded attorneys' fees.  The defendants likewise sought to recover attorneys' fees in their counterclaim.

According to Cracker Barrel, paragraph 9 of the Declaration authorizes award of attorneys' fees as follows:

> The easements, restrictions, benefits, and obligations herein set forth shall create mutual benefits and servitude on the Property running with the land and shall inure to the benefit of and be binding upon the respective Lot Owners, their successors and assigns. In the event of any violation or threatened violation of any of the provisions of this Declaration, any person having an interest of record in any part of the Property shall be entitled forthwith to full and adequate relief by injunction and/or all such other available legal and equitable remedies from the consequences of any such violation. All costs and expenses of any suit or proceeding shall be assessed against the defaulting party.

It is not disputed that Cracker Barrel ultimately prevailed when an Agreed Judgment and Permanent Injunction was entered in January of 2006. With regard to attorneys' fees, the Agreed Judgment provided as follows:

> IT IS FURTHER ORDERED that should the Parties be unable to resolve through informal, non-binding mediation that portion of the dispute dealing with the interpretation of Paragraph Nine (9) of the Declaration, as it relates to the payment of Plaintiffs' attorneys' fees, costs and expenses incurred in connection with obtaining this Permanent Injunction, Plaintiffs may renew their motion for an award of such fees, costs and expenses.

After a hearing, the trial court awarded Cracker Barrel its costs but found that the language in the Declaration authorizing "costs and expenses" did not include attorneys' fees. Cracker Barrel appeals the trial court's denial of its request for attorneys' fees.

It is well settled that Tennessee follows the American Rule which provides that litigants must pay their own attorneys' fees unless there is a statute or contract providing otherwise. *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005); *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979). In the absence of such a fee-shifting statute, contract provision, or other recognized equitable ground, courts may not compel a losing party to pay the winning party's attorneys' fees. *Brown & Williamson Tobacco Corp.*, 18 S.W.3d at 194; *Kultura, Inc. v. Southern Leasing Corp.*, 923 S.W.2d 536, 540 (Tenn. 1996).

Without a statutory or contractual basis, or certain equitable bases, allowance of attorneys' fees is contrary to the public policy of Tennessee. *John Kohl & Co. v. Dearborn and Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *Pullman Standard v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985); *Thayer v. Wright Company*, 362 S.W.2d 805, 812 (Tenn. 1961); *Fossett v. Gray*, 173 S.W.3d 742, 752 (Tenn. Ct. App. 2004); *Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996); *John J. Heirigs Constr. Co. v. Exide*, 709 S.W.2d 604, 609 (Tenn. Ct. App. 1986); *ABC Painting Co. v. White Oaks Apartments of Hermitage*, 2006-00280-COA-R3-CV, 2007 WL 14250, at *4 (Tenn. Ct. App. Jan. 2, 2007) (no Tenn. R. App. P. 11 application filed).

For purposes of determining whether an exception to the American Rule exists, the Declaration is considered a contract. Thus, the question here is whether the Declaration in paragraph 9 authorizes recovery of attorneys' fees. Our courts have provided a standard to assist in deciding whether the parties to a contract intended the prevailing party to recover attorneys' fees in actions to enforce the contract.[1] In *Pullman Standard*, the Tennessee Supreme Court stated the requirement thusly:

> We continue to adhere to the rule in Tennessee that attorneys' fees are not recoverable in the absence of a statute or contract **specifically** providing for such recovery . . .

693 S.W.2d at 338 (emphasis added).

This requirement that a contract "specifically" provide for recovery of attorneys' fees has been a consistently applied by Tennessee courts. *Kultura*, 923 S.W.2d at 540 (holding UCC's allowance for recovery of "any loss" does not include attorneys' fees); *Chambers v. City of Chattanooga*, 71 S.W.3d 281, 284 (Tenn. Ct. App. 2001); *Pinney v. Tarpley*, 686 S.W.2d 574, 581 (Tenn. Ct. App. 1984); *Hosier v. Crye-Leike Commercial, Inc.*, M2000-01182-COA-R3-CV, 2001 WL 799740, at *3 (Tenn. Ct. App. July 17, 2001) (no Tenn. R. App. P. 11 applications filed) ("[o]ne of the most common exceptions to the American Rule involves contracts containing provisions expressly allowing the prevailing party to recover its reasonable attorneys' fees . . ."); *Hewgley v. Vivo*, No. 01-A-01-9506-CH-00266, 1997 WL 92077, at *4 (Tenn. Ct. App. March 5, 1997) (no Tenn. R. App. P. 11 application filed) ("[A] contract must contain an express provision for the payment of attorneys' fees in order to enable a prevailing party to recover the legal expenses it incurred to enforce the contract.")

We have found no Tennessee decision addressing whether "costs and expenses" in a contract include attorneys' fees, and the parties have likewise provided no such authority. Given our long recognized adherence to the American Rule, the attendant public policy considerations, and the decisions requiring authorization of attorneys' fees to be "specific" or "express," we conclude that "costs and expenses," as used in the Declaration, do not include attorneys' fees.

The Declaration simply does not include any express intention that a losing party in an enforcement action regarding the Declaration would be required to pay the prevailing party's attorneys' fees. The Declaration is a sophisticated document governing development of property that is intended to run with the land, presumably drafted by an attorney. If the drafter of the Declaration had intended to abrogate the American Rule, the document could have "specifically" or "expressly"

---

[1] The question, however, is whether the owner of the property who created the obligations in the Declaration intended "costs and expenses" to include attorneys' fees. This issue is presented in a slightly unique contractual setting since Cracker Barrel and the defendants did not form the contract at issue, but their properties are subject to it. Consequently, when we speak of the intent of the contracting parties, it is not Cracker Barrel and the defendants but rather the original owner of the properties who created the Declaration.

done so.  Absent an expression of a clear and unambiguous intent, we decline to interpret the phrase "costs and expenses" to include attorneys' fees.  Therefore, we affirm the trial court.

Cracker Barrel makes several arguments that, while well argued, we do not find persuasive. In its primary argument, Cracker Barrel relies on decisions interpreting statutory authorization for fees and expenses.  However, we believe it is appropriate to rely primarily upon Tennessee decisions examining whether contractual provisions include attorneys' fees rather than statutory enactments. The inquiry regarding interpretation of contracts involves the parties' intent, while interpreting statutes involves determining legislative intent.  While there may be some analogy to be drawn, one must tread carefully since indicia of the intent of private parties in a commercial context is far different from indicia of what the legislature intended when it enacted a particular piece of legislation.

Cracker Barrel also argues that by requesting attorneys' fees in their counter-complaint defendants are estopped from arguing that paragraph 9 of the Declaration does not authorize attorneys' fees.  We do not agree.  First, while the defendants' counterclaim requests recovery of fees, it does not cite a basis for the request.  Therefore, the request was not necessarily a manifestation of defendants' interpretation of the Declaration.  They simply asked to recover attorneys' fees. Second, while in the normal context when the parties to a contract are arguing over its meaning, one party's pleading on the issue may be an admission about that party's intent, such is not the case here. Since defendants were not parties to the Declaration at its formation, any pleading by defendants on the matter is not indicative of what the drafters intended paragraph 9 to mean.

The trial court is affirmed.  Costs of this appeal are taxed to Cracker Barrel Old Country Store, Inc. and Cracker Barrel Associate LLC for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

-4-