**PULLMAN STANDARD, INC.,**
Plaintiff-Appellant,

v.

**ABEX CORPORATION,**
Defendant-Appellee.

Supreme Court of Tennessee,
Middle Section, at Nashville.

May 13, 1985.
Rehearing Denied July 15, 1985.

G. Wynn Smith, Jr., Glen G. Reid, Jr., Mark Vorder Bruegge, Jr., Memphis, for plaintiff-appellant.

William R. Willis, Jr., Alfred H. Knight, Nashville, for defendant-appellee.

## OPINION

BROCK, Justice.

In this action, plaintiff seeks to recover litigation expenses and attorneys fees incurred in defending suits brought against it by third parties. Those suits arose out of the derailment of a train and subsequent explosion of a gas tankcar in Waverly, Tennessee, in 1978.

Plaintiff, Pullman Standard, Inc. [Pullman], manufactured the superstructure of a railroad car involved in the derailment disaster. Defendant, Abex Corporation [Abex], was manufacturer and designer of a wheel fitted on the car by Pullman. Pullman and Abex were two of many defendants in the lawsuits arising from the derailment. Many of the cases, consolidated in the Federal District Court for the Middle District of Tennessee, were eventually settled by Abex on its behalf and on behalf of Pullman. Pullman made no payment to the plaintiffs in those cases. Pullman then filed this suit.

Abex filed a motion to dismiss for failure to state a claim upon which relief can be granted under T.R.Civ.P. Rule 12.02(6). The trial judge denied the motion, but granted Abex an interlocutory appeal of the order. The Court of Appeals reversed and dismissed the action. We granted Pullman's application for review.

Pullman's first theory of recovery of litigation expenses and attorneys' fees is under an indemnity agreement implied by law. With regard to this theory, Pullman's complaint includes the following allegations:

"12. The theories asserted against Plaintiff in all of said lawsuits were based upon Plaintiff's sale of LN171228 to the L & N in 1961 with an allegedly defective wheel manufactured by Defendant which had failed causing the initial derailment, train wreck, explosion and fire which devastated Waverly.

"13. The wheel that allegedly failed on LN171228 on or about February 22, 1978 was designed and manufactured by Defendant.

"14. Plaintiff did not, in any way, participate in the design or manufacture of said wheel, and Plaintiff had no contact with or control over LN171228, or its wheels, after it was sold to the L & N in 1961.

"15. At no time after the sale of LN171228 in 1961, did Plaintiff know, or have reason to know, of any alleged defect in the design or manufacture of said wheel or of any problem concerning the service performance of said wheel or any similar wheel manufactured by Defendant.

\* \* \* \* \* \*

"7. Subsequent to the train wreck and rupture and ignition of the car containing LPG, accident investigations were conducted by the L & N, the National Transportation Safety Board, and the Federal Railroad Administration. Those investigations drew the conclusion that the cause of the initial derailment and train wreck was the failure of a wheel on a gondola car in the train identified as LN171228.

"8. In 1960 Plaintiff had manufactured the superstructure of LN171228 for sale to the L & N and had fitted it with the aforesaid wheel which had

been designed and manufactured by Defendant."

As the Court of Appeals correctly noted, we have held in previous cases that costs and attorneys' fees are recoverable under an express indemnity contract if the language of the agreement is broad enough to cover such expenditures, *see Harpeth Valley Utilities District v. Due*, 225 Tenn. 181, 465 S.W.2d 353 (1971); 41 Am.Jur.2d *Indemnity* § 36 (1968). However, the issue raised in this case, the recovery of litigation expenses and attorneys' fees under an implied indemnity contract, is apparently one of first impression in this state.

We have examined the law in other jurisdictions on this issue. It appears that a majority of courts which have considered the issue allow the recovery of attorneys' fees under an implied indemnity contract in an appropriate case. *See, e.g., Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059 (Alaska 1979); *Sendroff v. Food Mart of Connecticut, Inc.*, 34 Conn.Supp. 624, 381 A.2d 565 (1977); *Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (1971). *See also,* Frumer & Friedman *Products Liability* § 44.10[1] (1984); 22 Am.Jur.2d *Damages* § 166 (1965); 42 C.J.S. *Indemnity* § 24 (1944). Other jurisdictions disallow the recovery of such expenses by relying upon the general rule that attorneys' fees are not recoverable, absent a statute or contract specifically providing for such recovery. *See Kerns v. Engelke*, 76 Ill.2d 154, 28 Ill.Dec. 500, 390 N.E.2d 859, 865 (1979). The latter rule was followed by the Court of Appeals in this case.

■ We are in agreement with the majority view that attorneys' fees are recoverable under an implied indemnity agreement in appropriate cases. We continue to adhere to the rule in Tennessee that attorneys' fees are not recoverable in the absence of a statute or contract specifically providing for such recovery, or a recognized ground of equity; however, we recognize an exception to that rule and hold that the right of indemnity which arises by operation of law, based upon the relationship of the parties, see *Cohen v. Noel*, 165 Tenn. [1 Beel.] 600, 56 S.W.2d 744 (1933), includes the right to recover attorneys' fees and other litigation costs which have been incurred by the indemnitee in litigation with a third party.

■ Pullman's complaint alleges that, even though no act or omission of its own contributed to the derailment, it was required to defend itself in the consolidated lawsuits because the Abex wheel was defective and caused the damages complained of in those suits. Taken in the light most favorable to Pullman, the complaint makes sufficient allegations to state a cause of action for recovery of attorneys' fees and litigation expenses incurred by Pullman in the prior lawsuits. *Vallejos v. C.E. Glass Co.*, 583 F.2d 507 (10th Cir.1978); *Ranger Const. Co. v. Prince William County*, 605 F.2d 1298 (4th Cir.1979); *Davison v. Parker*, 50 Or.App. 129, 622 P.2d 1113 (1981); Anderson, *U.C.C.: Text-Cases-Commentary*, § 2–314:16, "Seller v. Mfgr" at 125, 126.

■ Abex argues that Pullman's complaint states no cause of action because it contains no allegation that Pullman was required to pay a judgment or settlement to the plaintiffs in the prior lawsuits. We disagree. When only litigation expenses are sought it is not necessary that an indemnitee be forced to pay a judgment or settlement to a third party in order to recover such litigation expenses and attorneys' fees from its indemnitor. Such a requirement would, as noted in *Pender v. Skillcraft Industries, Inc.*, 358 So.2d 45, 47 (Fla.App.1978), penalize a party for successfully defending the allegations against it. *See also, Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d at 1067. Finding no justification for such a requirement, we reject it.

■ Abex also argues that recovery should not be allowed when the party incurred the attorneys' fees and litigation expenses in a suit in which he was required to defend against allegations of his own negligence. It seeks to limit recovery to cases in which the indemnitee was held

constructively liable for the actual default of its indemnitor. Because Pullman's complaint does not specifically state that it was forced to defend allegations that it was constructively liable for the wrongdoing of Abex, Abex argues that its motion to dismiss should have been granted. Some jurisdictions follow the rule which Abex would have us adopt. *See, e.g., Weston v. Globe Slicing Mach. Co.*, 621 F.2d 344 (9th Cir. 1980) (applying Idaho law); *Davis v. Air Tech. Industries, Inc.*, 22 Cal.3d 1, 148 Cal.Rptr. 419, 582 P.2d 1010 (1978); *Sawka v. Prokopowycz*, 104 Mich.App. 829, 306 N.W.2d 354 (1981); *Farr v. Armstrong Rubber Company*, 288 Minn. 83, 179 N.W.2d 64 (1970); *Conrad v. Suhr*, 274 N.W.2d 571 (N.D.1979); *Shaffer v. Honeywell, Inc.*, 249 N.W.2d 251 (S.D.1976). The rationale of those cases is that where an indemnitee is defending a charge that he is constructively liable for the wrongdoing of its indemnitor, he is put in the position of defending the indemnitor's conduct and the indemnitee is entitled to recover the cost of his defense from the indemnitor because the defense is essentially conducted for the indemnitor's benefit. *See, Davis, supra; Conrad, supra.* Other jurisdictions, however, hold that it is the indemnitee's actual wrongdoing rather than allegations of wrongdoing that should determine the indemnitee's rights and that a mere allegation of active negligence should not deprive a potential indemnitee of its indemnification, including attorney's fees. *Insurance Co. of North America v. King*, 340 So.2d 1175, 1176 (Fla.App.1976).

We find the latter rule to be in accord with the basis for our recognition of the right to recover attorneys' fees and expenses under implied indemnity agreements. The right is not based upon the failure of the indemnitor to fulfill an obligation to take over the indemnitee's defense or upon the existence of some benefit to the indemnitor arising from the defense conducted by the indemnitee. Instead, it is, like the right of the indemnitee to be indemnified for any judgment or settlement it pays, based upon the relationship between the parties and their respective degrees of fault.

■ Abex contends that recovery should not be allowed if the indemnitor was a defendant in the prior suit along with the indemnitee. We disagree. We know of no reason why the action of third parties in naming both Pullman and Abex as defendants in the underlying cases should deprive Pullman of its right to be indemnified for the cost of its attorneys' fees and litigation expenses which it incurred in those suits. An indemnitee's right to be indemnified for any judgment or settlement paid in a lawsuit is not destroyed by the indemnitor's presence in that lawsuit as a co-defendant. The right to recover attorneys' fees and other litigation expenses from an indemnitor under an implied indemnity agreement is likewise not dependent upon whether or not the indemnitor was sued by the third party along with the indemnitee.

Abex raises several additional arguments which relate to Pullman's first theory of recovery. Those arguments are based upon a pre-trial order filed in the cases consolidated in the Federal District Court for the Middle District of Tennessee which sets forth the allegations made against Pullman in those cases. The arguments are prematurely raised on this review of the trial court's denial of Abex's motion to dismiss the complaint for failure to state a cause of action, and thus they will not be considered.

Pullman's second theory of recovery of attorneys' fees and litigation expenses is based upon the tort of deceit. Again we are faced with an issue of first impression in Tennessee. The Court of Appeals refused to recognize a cause of action for recovery of attorneys' fees based upon an independent tort because to do so would allow circumvention of its refusal to permit the recovery of such damages under an indemnity theory. In veiw of our holding that attorneys' fees and litigation expenses are recoverable under an implied agreement to indemnify, the Court of Appeals' justification for refusing to recognize Pull-

man's second theory of recovery is no longer a concern.

It appears that attorneys' fees and costs are recoverable under an independent tort theory in most jurisdictions which have considered the issue. Indeed, we have been cited to no case, and have discovered none in our own research, which has refused to recognize the theory of recovery. As stated in the annotation to 42 A.L.R.2d 1183 (1956),

"It appears to be well settled that where the natural and proximate consequence of a tortious act of defendant has been to involve plaintiff in litigation with a third person, reasonable compensation for attorneys' fees incurred by plaintiff in such action may be recovered as damages against the author of the tortious act." *Id.* at 1186.

The Restatement (Second) of Torts, § 914(2) (1979), cites a similar rule:

"One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action."

*See also* 22 Am.Jur.2d *Damages* § 166 (1965). We adopt the prevailing rule and recognize the cause of action set forth above. *See: Safway Rental & Sales Co. v. Albina Engine & Machine Works,* 343 F.2d 129 (10th Cir.1965).

Pullman alleged in its complaint that Abex was aware that its U–1 wheel, the type which was incorporated into the Pullman car and which allegedly failed, had developed a dangerous propensity to fracture and fail under normal railroad operating procedures which then prevailed, and that Abex nevertheless deliberately deceived the Association of American Railroads and the Louisville and Nashville Railroad Company as to the dangerous propensity of the U–1 wheel. Pullman further alleged that Abex's deception caused the U–1 wheel to be retained in service, resulting in the derailment and the lawsuits which Pullman was forced to defend. We believe that such allegations are sufficient to state a cause of action for Pullman's recovery of attorneys' fees and other litigation expenses incurred in the consolidated cases.

The judgment of the Court of Appeals is reversed, the trial court's order overruling defendant's motion to dismiss is reinstated, and the case is remanded. Costs of this appeal are adjudged against defendant-appellee.

COOPER, C.J., and FONES, HARBISON and DROWOTA, JJ., concur.