53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Emerson T. KEATON and Carola Kekow Keaton, Plaintiffs-Appellants,
v.
Harold HUBBARD, Elizabeth Hubbard and Timothy Takacs, Defendants,
Gladys Mulford and Logan Mulford, Defendants-Appellees.
 No. 94-5076.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1995.
 
 Before: JONES and MILBURN, Circuit Judges; and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Emerson T. Keaton and Carola K. Keaton appeal the award of Federal Rule of Civil Procedure 11 sanctions in this diversity action alleging improper handling of an estate. For the following reasons, we affirm the lower court's judgment against the Keatons.
 
 I.
 
 2
 Plaintiffs-Appellants Emerson Keaton and Carola Keaton, California citizens, filed this action pursuant to 28 U.S.C. Sec. 1332, the federal diversity statute, against Defendants Harold Hubbard, Elizabeth Hubbard, Timothy Takacs, Gladys Mulford and Logan Mulford, Tennessee citizens. The Keatons' claims arise out of the administration of Flossie A. Keaton's estate. On December 26, 1986, Flossie Keaton died, leaving as survivors and beneficiaries her son Emerson Keaton, daughter-in-law Carola Keaton, sister Gladys Mulford, and next-door-neighbor Harold Hubbard. Harold Hubbard was designated executor of the Keaton estate. Defendant Takacs was Hubbard's counsel in an earlier state probate proceeding in Sumner County, Tennessee.
 
 
 3
 Flossie Keaton's death was followed by the filing of numerous lawsuits by the various beneficiaries of her estate. The instant action was originally filed in the Northern District of California but was transferred to the Middle District of Tennessee. The Keatons' complaint charges Defendants with conspiracy, fraud, and breach of contract and fiduciary duties allegedly resulting in delays in the Keatons' receipt of properties due them under Flossie Keaton's will.
 
 
 4
 Following discovery, Defendants filed a motion for summary judgment, claiming that all of the Keatons' claims were barred by res judicata. The magistrate recommended that the Defendants' motion be granted, and on March 31, 1993, the lower court adopted the magistrate's recommendation and granted summary judgment against the Keatons on the grounds that res judicata barred all the claims. The Mulfords then filed a motion asking the court to award sanctions against the Keatons pursuant to Federal Rule of Civil Procedure 11. The motion for sanctions alleges that the Keatons did not conduct a reasonable pre-filing inquiry into the factual and legal assertions in their complaint and their discovery responses were solely for the purpose of harassment. The district court granted the Mulfords' motion and ordered the Keatons to pay the Mulfords $16,193.79 for attorney's fees and costs incurred in defense of the litigation and in the prosecution of their motion for sanctions. On appeal the Keatons argue that the lower court abused its discretion by granting the Mulfords' motion for Rule 11 sanctions.
 
 II.
 
 5
 Pursuant to Federal Rule of Civil Procedure 11, an attorney or party to an action may be sanctioned if the court determines that a pleading, motion, or paper (1) is not well grounded in fact, (2) is not warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law, or (3) was interposed for any improper purpose, such as harassment or delay. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1379 (6th Cir.1987) (citation omitted).
 
 
 6
 The decision to award Rule 11 sanctions is within the broad discretion of the district court. See Orlett v. Cincinnati Microwave Inc., 954 F.2d 414, 419 (6th Cir.1992). Rule 11 sanctions should, however, be imposed where there has not been reasonable inquiry by counsel or a party as to the facts or the law. This circuit has stated:
 
 
 7
 What constitutes a reasonable inquiry may depend on such factors as the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar. Although a district court is given wide discretion in deciding whether counsel have acted reasonably under the circumstances, " 'the court is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted.' "
 
 
 8
 Century Prods., Inc. v. Sutter, 837 F.2d 247, 250-51 (6th Cir.1988) (citations ommitted).
 
 
 9
 Thus, Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." See Fed.R.Civ.P. 11 Advisory Committee's Note to the 1983 Amendment. "After the complaint is filed, plaintiffs' counsel retain a continuing responsibility to review their pleadings and, if necessary, to modify them to conform with Rule 11." Mann v. G & G Mfg., Inc., 900 F.2d 953, 959 (6th Cir.), cert. denied sub nom. Sloan v. G & G Mfg., Inc., 498 U.S. 959 (1990).
 
 
 10
 The lower court adopted the magistrate's report, which found that "the Keatons provided the facts for their Complaint," and that, "[a]lthough only California counsel signed the original complaint, the Keatons signed many of the documents filed in this action in support of their claims and after the transfer to [the Middle District of Tennessee.]" As these findings are clearly correct, the magistrate correctly found the Keatons to be potentially liable for Rule 11 sanctions.
 
 
 11
 Next, the magistrate found that the Keatons had not met Rule 11's "reasonable inquiry" requirement. J.A. at 214. This court has directed lower courts to determine whether the inquiry was "objectively reasonable under the circumstances." INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied sub nom. Garratt v. INVST Fin. Group, Inc., 484 U.S. 927 (1987). The magistrate found that
 
 
 12
 at the time of the initial filing and throughout this litigation, no research was performed by Carola Keaton on the res judicata issue, or the damages or attorney's fees claim. Given the extensive state court proceedings, this omission is highly unreasonable. The state court had already denied the Keatons' damages claim based on fair rental value. According to her deposition, Carola Keaton was unaware of some state court orders until the defendants filed their motion for summary judgment. Under Tennessee law, as general rule, a prevailing party's attorney's fees are not generally recoverable unless provided by statute or agreement. Pullman Standard, Inc. v. Abex Corp., 693 S.W.2d 336, 338 (Tenn.1985). Here, there is no statute or agreement cited by the Keatons for their attorney's fees claim.
 
 
 13
 J.A. at 214.
 
 
 14
 The Keatons have not demonstrated these findings to be in any way erroneous; rather, they attempt to explain and excuse their dereliction. In effect, the Keatons are asking this court to re-weigh the evidence considered by the court below. This we cannot do. "[T]he appellate court must vigilantly refrain from conducting a de novo review of the evidence." Mahoney v. United States, 831 F.2d 641, 645 (6th Cir.1987) (citing Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985)), cert. denied, 486 U.S. 1054 (1988). Accordingly, we will not disturb the lower court's judgment granting Rule 11 sanctions against the Keatons.
 
 III.
 
 15
 The Mulfords have requested an additional award of attorney's fees and costs incurred on appeal. Federal Rule of Appellate Procedure 38 states, "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."
 
 
 16
 The Supreme Court has observed that "because the district court has broad discretion to impose Rule 11 sanctions, appeals of such sanctions may frequently be frivolous." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 407 (1990) (citation omitted). The Court, however, has also recognized that routine imposition of sanctions against parties that appeal the awards of Rule 11 sanctions against them would discourage meritorious appeals. Id. at 408. After considering the record below and the arguments on appeal, we decline to grant the Mulfords' request for an additional award of fees and costs incurred on appeal.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Avern Cohn, United States District Court Judge for the Eastern District of Michigan, sitting by designation