IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2007 Session

# CRACKER BARREL OLD COUNTRY STORE, INC., ET AL. v. RICHARD EPPERSON, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 05-2220-II       Carol L. McCoy, Chancellor**

---

**No. M2006-02424-COA-R3-CV - Filed March 4, 2008**

---

FRANK G. CLEMENT, JR., J., dissenting.

I respectfully dissent from the majority decision in which the court concludes that the contract at issue does not afford Cracker Barrel the right to recover its attorney fees. As I understand the majority's holding, in order to be entitled to recover attorney fees, as distinguished from other litigation costs, the contract must expressly and specifically state "attorney fees." I respectfully submit the majority's decision is based on too strict a construction of the contract exception to the American Rule.

Tennessee adheres to the American Rule, which provides that attorney fees are not recoverable in the absence of a statute or contract specifically providing for such recovery, or a recognized ground of equity. *Chambers v. City of Chattanooga,* 71 S.W.3d 281, 284 (Tenn. Ct. App. 2001) (citing *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985)). An exception to this rule is that costs and attorney fees are recoverable under an express contract "if the language of the agreement is broad enough to cover such expenditures." *Pullman Standard, Inc.*, 693 S.W.2d at 338 (citing *Harpeth Valley Util. Dist. v. Due*, 465 S.W.2d 353 (Tenn. 1971); 41 Am. Jur. 2d *Indemnity* § 36 (1968)); *Pinney v. Tarpley*, 686 S.W.2d 574, 581 (Tenn. Ct. App. 1984). Based upon this exception, a party which prevailed in litigation to enforce contract rights is entitled to recover its reasonable attorney fees if that party can demonstrate that the contract upon which the claim is based "contains a provision entitling the prevailing party to its attorney's fees." *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740 at *3 (Tenn. Ct. App. July 17, 2001).

There are no facts in dispute. The only issue is the interpretation of the parties' contract. The interpretation of a contract is a question of law. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Issues as to interpretation and application of unambiguous contracts are likewise issues of law, the determination of which enjoys no presumption of correctness on *de novo* appellate review. *Doe v. HCA Health Services of Tennessee, Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001). Therefore, the trial court's interpretation of a contract is not entitled to a presumption of correctness under Tenn. R. App. P. 13(d) on appeal. *Angus v. Western Heritage Ins.* Co., 48 S.W.3d 728, 739 (Tenn. Ct. App.

2000). Accordingly, we review the contractual issues *de novo* and reach our own independent conclusions regarding their meaning and legal import. *Guiliano*, 995 S.W.2d at 95; *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993).

When resolving disputes concerning contract interpretation, we are to ascertain the intention of the parties based upon "*the usual, natural, and ordinary meaning of the contractual language*." *Hamblen County. v. City of Morristown*, 656 S.W.2d 331, 333-34 (Tenn. 1983); *Taylor v. White Stores, Inc.*, 707 S.W.2d 514, 516 (Tenn. Ct. App. 1985) (emphasis added). All provisions in the contract should be construed in harmony with each other, if possible, to promote consistency and to avoid repugnancy between the various provisions of a single contract. *Guiliano*, 995 S.W.2d at 95 (citing *Rainey v. Stansell*, 836 S.W.2d 117, 118-19 (Tenn. Ct. App. 1992)).

As stated above, costs and attorney fees are recoverable under a contract *if the language of the agreement is broad enough to cover such expenditures*. *Pullman Standard, Inc.*, 693 S.W.2d at 338. Thus, the issue here is whether the sentence in the contract which reads "All costs and expenses of any suit or proceeding shall be assessed against the defaulting party" is broad enough to entitle Cracker Barrel to recover its attorney fees in addition to other costs of litigation. Giving the words "all" and "costs" and "expenses" their usual, natural and ordinary meaning, I have concluded that "all costs and expenses of any suit or proceeding" includes the cost and expense of employing attorneys. Accordingly, I would reverse and remand the matter for the trial court to determine the amount of attorney fees to which Cracker Barrel is reasonably entitled.

 

 

_____
FRANK G. CLEMENT, JR., JUDGE