IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2004 Session

## FREDERICK TODD SMITH, ET AL. v. JIM CROSSMAN, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 02C-1308     Carol Soloman, Judge**

_____

**No. M2003-01108-COA-R3-CV - Filed August 2, 2004**

_____

This appeal involves the interpretation of the attorney's fee provision in a lease agreement. The trial court awarded Landlord attorney's fees, and Tenants appeal. We reverse the award of attorney's fees, finding no contractual basis exists for the award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Barry L. Gardner, Brentwood, Tennessee, for the appellants Frederick Todd Smith, James E. Newton, and Heritage Groceries, Inc.

Raymond G. Prince, Nashville, Tennessee, for the appellee, Jim Crossman, Individually, and d/b/a Jim Crossman Realty.

**MEMORANDUM OPINION**[1]

Plaintiffs, Frederick T. Smith, James Newton, and Heritage Groceries, Inc. ("Tenants") operate a CB Food Store on premises leased in 1995 from defendant Jim Crossman and his realty company ("Landlord"). The lease contained a protective covenant which stated:

**PROTECTIVE COVENANT.** In order to induce Tenant to enter into this Lease, Landlord agrees for itself, its heirs, successors and assigns, that none of the foregoing

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

shall use, suffer, permit or consent to the use or occupancy as a supermarket or for the sale of food or food products intended for off-premises consumption of any of the following:

(a) any other premises now or hereafter owned or controlled by Landlord or any of the above described parties adjacent to demised Premises, or

(b) any premises now or hereafter owned or controlled by Landlord or any of the above described parties within a radius of one (1) mile of the perimeter of the Demised Premises.

A Dollar General Store had been operating in the same strip mall since 1976. After 1995, the Dollar General Store began carrying its own lines of food for sale in direct competition with Tenants. Tenants filed suit against Landlord on the theory that Dollar General's actions constituted a breach of the protective covenant. In addition, Tenants named Dollar General and moved for an injunction to prevent Dollar General from selling food for off-premises consumption. Dollar General was later non-suited. Landlord answered and argued that Tenants knew or should have known that Landlord had no power to restrain Dollar General from selling food. The Answer contained a counter-claim for attorney's fees as provided for in the lease provision that stated:

> **ATTORNEY FEES.** Tenant shall pay reasonable attorneys fees incurred by Landlord in the enforcement of any terms, covenants, or provisions of this lease, and the Landlord also agrees to reimburse tenant for reasonable attorney fees in the enforcement of any terms, covenants, or provisions of this lease.

On the day of trial, Tenants non-suited the lawsuit.[2] Several months later, the trial court held a hearing on Landlord's counterclaim for attorney's fees incurred defending the first lawsuit and found that Landlord was entitled to attorney's fees in the amount of $14,320. The trial court found that based on its interpretation of the lease, the award was for "attorney fees expended by counsel for the Counter-plaintiff in the enforcement of the terms, covenants, and provisions of the lease existing between the parties."

Tennessee follows the American Rule requiring litigants to pay their own attorney's fees in the absence of a statute or contractual provision otherwise. *State v. Brown* & *Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000) (citing *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). Unless a statutory or contractual fee-shifting provision applies, such fees are not recoverable. *Morrow v. Bobbitt*, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996); *Pinney v. Tarpley*, 686 S.W.2d 574, 581 (Tenn. Ct. App. 1984).

---

[2]Tenants re-filed the identical case a month later. Dollar General's lease had expired during the pendency of this litigation, and Landlord allegedly failed to put any kind of restrictive clause into the new lease it signed with Dollar General.

Courts may enforce provisions in contracts that expressly allow a prevailing party, or otherwise described party, to recover its attorney fees incurred in disputes over the contract. *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985); *Pinney*, 686 S.W.2d at 581. The award of fees, however, is limited to the situation agreed to by the parties as set out in the language of the provision. Such provisions are subject to the usual rules of contract interpretation.

Here, the lease agreement provided for reimbursement of attorney's fees incurred by either party "in the **enforcement** of any terms, covenants, or provisions of the lease."(emphasis added). The sole question at trial and here, then, is whether Landlord's fees incurred in defending against Tenants' lawsuit was tantamount to an enforcement action covered by the parties' lease agreement.

Interpretation of contracts is a question of law. *Guiliano v. CLEO, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999). Therefore, the trial court's interpretation of the agreement herein is not entitled to a presumption of correctness on appeal. *Id.*; *Angus v. Western Heritage Ins. Co.*, 48 S.W.3d 728, 730 (Tenn. Ct. App. 2000). This court must review the document ourselves and make our own determination regarding its meaning and legal import. *Hillsboro Plaza Enters. v. Moon*, 860 S.W.2d 45, 47 (Tenn. Ct. App. 1993).

"The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern." *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002). The purpose of interpreting a written contract is to ascertain and give effect to the contracting parties' intentions, and where the parties have reduced their agreement to writing, their intentions are reflected in the contract itself. *Id.*; *Frizzell Constr. Co. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79, 85 (Tenn. 1999). Therefore, the court's role in resolving disputes regarding the interpretation of a contract is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the language used. *Guiliano*, 995 S.W.2d at 95; *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975).

The language of the fee provision determines whether fees can be awarded under the facts present. *See Pullman Standard*, 693 S.W.2d at 338 (holding that fees are recoverable under an express indemnity contract if the language is broad enough to cover such expenses). We have reviewed a number of opinions involving fee-shifting contract provisions, and their terms vary, sometimes making recovery available to a prevailing party or from a breaching party. Landlord and Tenants herein could have agreed that the prevailing party in any dispute arising from the Lease was entitled to attorney's fees. They did not. Instead, they agreed to a provision only for fees incurred in the enforcement of any terms of the Lease.

Tenants brought an action for breach of the protective covenant seeking to enforce it. Landlord defended on the basis it had no power, because of its lease with Dollar General, to prevent Dollar General's sale of food. Landlord also raised affirmative defenses of laches, waiver, estoppel, comparative fault, and consent. In its counterclaim, Landlord merely invoked the attorney's fees provision and alleged that it was "incurring attorneys fees in the defense of this action. . . ." At no

3

time did Landlord counter that Tenants were in breach of the lease or seek to enforce any term of the agreement.

Landlord did not attempt to enforce any term, covenant or provision of the lease. Consequently, we reverse the decision of the trial court awarding attorney's fees. Costs of this appeal are taxed to the appellees, Jim Crossman and Jim Crossman Realty.

_____
PATRICIA J. COTTRELL, JUDGE

4