Robert E. COOPER, Jr., in his Official Capacity as Attorney General and Reporter for the State of Tennessee, et al.

v.

CREATIVE LEARNING CHILD CARE CENTER, INC., et al.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 9, 2007 Session.

June 27, 2007.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Peter M. Coughlan and S. Elizabeth Martin, Assistant Attorney Generals, for the State of Tennessee.

Patricia Head Moskal and Jonathan D. Rose, Nashville, Tennessee, for the appellees, Creative Learning Child Care Center, Inc., a Tennessee Nonprofit Corporation, et al.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

This is an appeal by the plaintiff from a final judgment awarding attorneys' fees to the defendants' former counsel. The issue on appeal arises out of the denial of the plaintiff's Motion for Summary Judgment, which was accompanied by a 62 page Statement of Undisputed Material Facts containing assertions of facts grouped into 114 paragraphs with citations to the facts in the record the trial court deemed wholly inadequate. As a sanction for failing to comply with Tennessee Rule of Civil Pro-

cedure 56.03, the trial court awarded the defendants attorneys' fees. Finding that the Tennessee Rules of Civil Procedure do not authorize a monetary sanction for failure to comply with Rule 56.03, we vacate the award of attorneys' fees.

In January of 2002, Paul G. Summers, in his capacity as Attorney General and Reporter for the State of Tennessee,[1] filed an action on behalf of two child care centers, Creative Learning Child Care Center and Jack & Jill Day Care Center, against the child care centers and the officers and directors of the centers, whom it alleged were plundering these non-profit centers for personal gain. The remedy sought by the Attorney General (the plaintiff) was to have the two child care centers dissolved. The law firm of Boult, Cummings, Conners & Berry was retained to represent the two child care centers, Creative Learning Child Care Center, Inc., and Jack and Jill Day Care Center, Inc. (the defendants).[2]

Following discovery, the plaintiff filed a Motion for Summary Judgment. The motion was accompanied by a statement of undisputed material facts that was 62 pages and contained 114 separate numbered paragraphs, each containing multiple statements and sentences. The Statement of Undisputed Material Facts also contained 397 footnotes. Most of the 397 footnotes contained numerous citations, and one of the footnotes contained 130 citations to documents or boxes containing evidence that would allegedly support the statement of fact.[3]

---

1.  Pursuant to Tenn. R.App. P. 19(c), Robert E. Cooper, Jr., who presently serves as Attorney General and Reporter for the State of Tennessee, has been automatically substituted for his predecessor in office, Paul G. Summers.

2.  Boult, Cummings, Conners, & Berry did not represent the individual defendants, only the

two child care centers. Other counsel represented the individual defendants.

3.  Footnote 314 to the plaintiff's Statement of Undisputed Facts contained 130 citations to documents or records.

The defendants filed a response to the Motion for Summary Judgment. In addition thereto, the defendants filed a Motion to Strike the plaintiff's Statement of Undisputed Material Facts. By Order dated June 10, 2004, the trial court denied the plaintiff's Motion for Summary Judgment and denied Boult's Motion to Strike; however, it elected to award the defendants their attorneys' fees incurred in responding to the plaintiff's Motion for Summary Judgment. The trial court explained in the June 10, 2004 Order its reasons for the denial of the Motion to Strike and the decision to award attorneys' fees, stating:

> The Court's reasoning for denying the defendants' motions to strike the plaintiff's Undisputed Statement of Material Facts is that the remedy to strike is too drastic a sanction given the circumstances. The court concluded that the Statement failed to comply with Rule 56: the Statement did not provide sufficiently specific citations to the record and combined multiple statements of fact into one statement. The defendants, however, cured these deficiencies in their responses such that the Court was able to discern from the record that there were genuine issues of material fact precluding summary judgment and could rule on the motion. Remaining to be remedied, though, is the extra and unnecessary time it took the defendants to respond to the plaintiffs' motion because of the noncompliance of the Statement. The remedy for that unnecessary expenditure of time is an award of attorneys' fees. The defendants shall file a motion with the Court to recover those fees supported by affidavits. The plaintiff shall respond in writing. The Court shall rule on the papers.

In September 2004, the trial court stayed the action pending the outcome of a criminal trial involving some of the individual defendants. In February 2006, the plaintiff notified the trial court that the non-profit defendants had closed, and the trial court conducted a hearing on March 1, 2006, during which it indicated its intent to dissolve the non-profits and liquidate the assets. Two days later, the law firm of Boult, Cummings, Conners & Berry moved to withdraw as counsel for its two clients, Creative Learning Child Care Center, Inc. and Jack and Jill Day Care Center, Inc. Shortly thereafter, the trial court dissolved the two child care centers and granted the motion of Boult, Cummings, Conners & Berry to withdraw as their counsel.

Pursuant to the trial court's Order of June 10, 2004, the defendants through their attorneys, Boult, Cummings, Conners & Berry, filed a Motion for Attorneys' Fees on March 10, 2006. The trial court granted the Motion by Order dated May 9, 2006, stating: "The Court awards counsel for defendants Creative Learning Child Care Center, Inc. and Jack and Jill Day Care Center, Inc., $12,503.75 in attorney's fees for the extra and unnecessary time spent to respond to plaintiff's undisputed statement of material facts filed in support of plaintiff's motion for summary judgment."

On May 10, 2006, the trial court entered an Order making the May 9, 2006 Order a final order pursuant to Tenn. R. Civ. P. 54.02. This appeal followed.

## STANDARD OF REVIEW

No genuine material factual disputes are presented. The issue presented hinges on the proper interpretation of Tennessee statutes and their application to the facts of this case. Issues involving the construction of statutes and their application to facts involve questions of law. *Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc.*, 87 S.W.3d 67, 74 (Tenn.2002); *Waller v. Bryan*, 16 S.W.3d

770, 773 (Tenn.Ct.App.1999). Therefore, the trial court's resolution of these issues is not entitled to Tenn. R.App. P. 13(d)'s presumption of correctness on appeal. We will review the issues de novo and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn.2002).

### ANALYSIS

As a preliminary matter, the defendants contend that the plaintiff appealed the wrong orders, that being the May 9 and 10 Orders, and thus the issue concerning the attorneys' fees is not properly before this court. We find this contention without merit.

Although the June 10, 2004 Order stated that attorneys' fees were warranted, it did not award any fees. The June 10 Order provided: "The defendants shall file a motion with the Court to recover those fees supported by affidavits." Thereafter, the defendants through their counsel filed their motion supported by affidavits as the previous order directed. The defendants' Motion for Attorneys' Fees was granted by Order dated May 9, 2006, and the May 10, 2006 Order made the May 9, 2006 Order a final Order pursuant to Tenn. R. Civ. P. 54.

Finding that the May 9, 2006 Order is the Order that granted Boult's Motion for Attorneys' fees and set the amount, and the May 10 Order made the May 9 Order a final order, we find that the issue concerning the attorneys' fees is properly before this Court.

We now focus our attention on the issue of whether a trial court may assess attorneys' fees as a sanction for a party failing to comply with the requirements of Tenn. R. Civ. P. 56.03.

Tenn. R. Civ. P. 56.03 provides in pertinent part:

> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Finding it unnecessary for purposes of this appeal to explain why the plaintiff's Statement of Undisputed Material Facts failed to comply with Rule 56.03, we will focus our attention on the issue of the propriety of the sanction. The defendants rely on Tenn.Code Ann. § 29–9–102 to assert the trial court acted properly by imposing attorneys' fees as a sanction for failing to comply with Rule 56.03. Specifically, the defendants contend the court has the authority to find a party in contempt for willful disobedience of a rule of the court pursuant to Tenn.Code Ann. § 29–9–102(3) and for such behavior the court may impose appropriate sanctions.[4] We, how-

---

4. The statute reads:

    The power of the several courts to ... inflict punishments for contempts of court, shall not be construed to extend to any except the following cases:

    (1) The willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice;

    (2) The willful misbehavior of any of the officers of such courts, in their official transactions;

    (3) The willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts;

ever, find the defendants' reliance on Tenn.Code Ann. § 29–9–102(3) misplaced.

The power of the courts to impose sanctions pursuant to Tenn.Code Ann. § 29–9–102(3) is premised on the fact the person or party to be sanctioned was in "willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." Tenn.Code Ann. § 29–9–102(3). Here, the trial court did not make a finding that the plaintiff was in contempt of court. Moreover, the record fails to support a finding that the plaintiff was in willful disobedience or resistance of any order or rule of court, particularly Tenn. R. Civ. P. 56.03, which is the rule at issue. The mere fact the plaintiff failed to comply with the requirements of Rule 56.03 is wholly insufficient to conclude the plaintiff was in willful disobedience of the rule. Accordingly, we conclude that Tenn.Code Ann. § 29–9–102(3) is inapplicable to the matters at issue.

Although we have concluded that Tenn. Code Ann. § 29–9–102(3) is inapplicable, Tenn. R. Civ. P. 56 provides a remedy and sanction in appropriate cases. In pertinent part the rule provides:

Should it appear to the satisfaction of the court ... that any of the affidavits presented pursuant to this rule are presented *in bad faith or solely for the purpose of delay,* the court shall forth-

with order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Tenn. R. Civ. P. 56.08 (emphasis added). As the rule expressly provides, such a sanction is not appropriate or permitted for every failure to comply with the requirements of Tenn. R. Civ. P. 56. To the contrary, the imposition of attorneys' fees as a sanction is only permissible under this rule when affidavits are filed in bad faith or solely for the purpose of delay, and the trial court made no findings that would make Rule 56.08 applicable to the matters at issue.

The courts have the inherent authority to enforce the Tennessee Rules of Civil Procedure. *Lyle v. Exxon Corp.,* 746 S.W.2d 694, 699 (Tenn.1988). Moreover, the rules contain provisions for sanctions for abuse of the discovery process; however, these provisions do not extend to the assessment of attorneys' fees for failing to properly cite to the record or to identify where the alleged undisputed facts are to be found.[5] *Id.*

Although the trial court and the defendants' counsel had every reason to be frustrated with the failure of the plaintiff's trial counsel[6] to comply with the require-

---

(4) Abuse of, or unlawful interference with, the process or proceedings of the court;

(5) Willfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them; or

(6) Any other act or omission declared a contempt by law.

Tenn.Code Ann. § 29–9–102.

**5.** In the absence of a statutory provision or a contractual agreement between the parties, the allowance of attorney fees as a part of

damages to be recovered is contrary to public policy in this state. *Guess v. Maury,* 726 S.W.2d 906, 923 (Tenn.Ct.App.1986)(citing *Stringfield v. Hirsch,* 94 Tenn. 425, 29 S.W. 609 (Tenn.1895); *Gillespie v. Fed. Compress & Warehouse Co.,* 37 Tenn.App. 476, 265 S.W.2d 21 (1953); *Pullman Standard, Inc. v. Abex Corp.,* 693 S.W.2d 336 (Tenn.1985)).

**6.** It should be noted that the trial counsel for the plaintiff whose conduct led to the matters at issue is not involved in this appeal.

ments in Tenn. R. Civ. P. 56.03, we find the facts of this case insufficient to sustain a sanction in the form of attorneys' fees for such noncompliance in the absence of a showing of bad faith or willful disobedience of the court or the rules. We therefore vacate the award of attorneys' fees.

Having reversed the trial court's decision, we deny the defendants' request for attorneys' fees incurred on appeal.

### In Conclusion

This matter is remanded with costs of appeal assessed against the real party in interest, Boult, Cummings, Conners & Berry, counsel for the now defunct corporate defendants.