IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 30, 2015


**ROBERT McALLISTER v. TIMOTHY RASH, ET AL.**


**Appeal from the Circuit Court for Knox County**
**No. 166812      Dale C. Workman, Judge**

_____

**No. E2014-01283-COA-R3-CV – Filed June 5, 2015**
_____


Plaintiff filed a complaint for damages against an individual and an insurance company. This appeal arises from the trial court's denial of a motion to set aside a final judgment of dismissal for failure to prosecute in favor of the individual defendant. Summary judgment was granted to the defendant insurance company, and the order was certified as final. In addition, the trial court denied a motion to amend the complaint to add allegations against a different insurance company. Approximately one year later, a trial occurred against the individual defendant; plaintiff failed to appear. The trial court subsequently granted the individual defendant an involuntary dismissal for failure to prosecute. More than thirty days later, plaintiff filed a motion to set aside the final judgment. The trial court denied the motion, and plaintiff appealed. Because plaintiff's claims against the defendant insurance companies became final prior to the filing of the notice of appeal, we have no jurisdiction to consider any alleged errors relative to them. Accordingly, plaintiff's appeal against the insurance companies at issue is dismissed. We affirm the trial court's ruling denying plaintiff's motion to set aside the final judgment of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal of the Judgment of the Circuit Court Dismissed in Part; Affirmed in Part; and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Robert McAllister, Friendsville, Tennessee, Pro Se.

Stewart C. Stallings and Betsy Hull Hesselrode, Brentwood, Tennessee, for the appellee, Timothy Rash.

Latisha J. Stubblefield, Knoxville, Tennessee, for the appellee, Farmers Insurance Group/Mid-Century Insurance Group.

## OPINION

### Background

On December 10, 2012, Plaintiff/Appellant Robert McAllister, acting pro se, filed a complaint for damages against Defendants/Appellees Timothy Rash and Farmers Insurance Group ("Farmers Insurance"). The complaint alleged that on or about December 20, 2011, Mr. Rash hit Mr. McAllister with his automobile, while Mr. McAllister was on the sidewalk in a "disabled motorized scooter." According to the complaint, Mr. McAllister suffered injuries as a result of the collision. Mr. McAllister requested $250,000.00 in compensatory damages and an additional $250,000.00 in punitive damages.

On January 4, 2013, Farmers Insurance filed a motion to dismiss, arguing that Mr. McAllister could assert no direct cause of action against it. Farmers Insurance also asserted that it was not the carrier of the insurance policy at issue, as that policy had been issued by Mid-Century Insurance Company ("Mid-Century Insurance").[1] Mr. Rash filed an answer on January 10, 2013, denying the material allegations contained therein. Mr. Rash also raised the affirmative defense of comparative fault.

On January 23, 2013, Mr. McAllister filed a motion for an extension of time to file his response to Farmers Insurance's motion to dismiss. On February 20, 2013, Mr. McAllister filed a motion to amend his complaint to add allegations that Farmers Insurance and Mid-Century Insurance were vicariously liable for the negligence of Mr. Rash. On March 11, 2013, the trial court entered an order denying Mr. McAllister's motion for an extension of time to file a response and granting Farmers Insurance's motion to dismiss. The trial court certified its order as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

On March 22, 2013, Mr. Rash filed a motion in opposition to Mr. McAllister's motion to amend his complaint, arguing that there was no need to amend the complaint to add allegations against Mid-Century Insurance, as Mr. McAllister could not assert a direct cause of action against the insurer. On the same day, Mr. Rash filed a motion to compel Mr.

---

[1] Mr. McAllister appears to allege that Farmers Insurance and Mid-Century Insurance are alter egos. The insurance companies are represented jointly in this appeal, but we will consider the claims against each insurance company individually.

McAllister to sign a medical authorization form allowing Mr. Rash to obtain Mr. McAllister's health records relative to the accident.

The trial court granted Mr. Rash's motion to compel on April 15, 2013.[2] The trial court's order required that Mr. McAllister sign and return to Mr. Rash a completed health authorization form within ten days of the entry of the order. On the same day, the trial court denied Mr. McAllister's motion to amend his complaint, again ruling that Mr. McAllister could not assert a direct cause of action against the insurance companies.

On May 9, 2013, Mr. Rash filed a motion for sanctions against Mr. McAllister on the ground that he failed to comply with the trial court's order directing him to sign and return a medical authorization form. As a result of Mr. McAllister's noncompliance, Mr. Rash asked that the complaint be dismissed with prejudice. On July 10, 2013, Mr. Rash filed his own motion to dismiss Mr. McAllister's complaint on the ground of failure to prosecute. Mr. McAllister responded in opposition on July 30, 2013.

The trial court set the case for trial on April 7, 2014. Because the claims against Farmers Insurance had been dismissed and the trial court denied Mr. McAllister's request to amend his complaint to add allegations against Mid-Century Insurance, only the claims against Mr. Rash remained pending. On April 7, 2014, however, Mr. McAllister failed to appear. Accordingly, on April 11, 2014, the trial court entered an order dismissing with prejudice Mr. McAllister's complaint for failure to prosecute. The order indicated that Mr. McAllister was provided proper notice of the date and time that the trial was set to occur and that the trial court had waited for approximately thirty minutes for Mr. McAllister to appear before determining that dismissal was proper.

Thirty-two days after the entry of the order dismissing Mr. McAllister's complaint, on May 13, 2014, Mr. McAllister filed a motion to set aside the trial court's judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Mr. McAllister asserted that his failure to appear at trial was the product of excusable neglect. Specifically, Mr. McAllister alleged that he was suffering from severe mental health issues, which caused him to forget the trial date after he received the notice. Mr. McAllister's motion was supported by two sworn affidavits, one from himself, and one from his mother. Both affidavits attested to the fact that Mr. McAllister had been in and out of mental hospitals from around February 2013 to March 17, 2014. The affidavits also indicate that Mr. McAllister had been diagnosed with

---

[2] According to Mr. Rash, Mr. McAllister failed to appear at the hearing on the motion to compel.

3

Schizoaffective disorder[3] and that he is highly medicated to treat his condition.

Mr. Rash filed a motion in opposition on or about June 2, 2014, arguing that simply forgetting a trial date is not sufficient to show excusable neglect. The trial court entered an order denying Mr. McAllister's motion to set aside the judgment on June 16, 2014. Mr. McAllister filed his notice of appeal on July 3, 2014.[4] While the case was on appeal, several procedural disputes occurred between the parties.[5] Eventually, Mr. McAllister was permitted to file a supplemental brief to this Court, and the case was set to be heard without oral argument.

## Issues Presented

On appeal, Mr. McAllister raises two issues, which are taken from his initial brief:

1. Whether the [trial] [c]ourt erred in dismissing [Mr. McAllister's] case for failing to prosecute in li[ght] of [Mr. McAllister's] mental health.
2. To make clear, which company is responsible as [Mr. Rash's] Insurance Company as there has been much confusion. Is it Farmers Insurance Company, Mid-Century or as I believe to be [one] in the same. [Mr.] Rash was covered under auto [i]nsurance at the time the event occurred.

---

[3] Schizoaffective disorder is defined as "a syndrome that includes the characteristics of schizophrenia and a mood disorder, but fails to meet the . . . criteria for either diagnosis." *Mosby's Medical, Nursing, & Allied Health Dictionary* 1456 (5th ed.1998).

[4] The parties' briefs contain different dates for the filing of Mr. McAllister's notice of appeal. Farmers Insurance contends that it was filed on July 7, 2014. Mr. Rash contends that the notice of appeal was filed on July 9, 2014. From our review of the file stamp on the notice of appeal, we believe that it was filed on July 3, 2014. Regardless, the notice of appeal was filed within thirty days of the entry of the order denying Mr. McAllister's motion to set aside the final judgment of dismissal.

[5] Mr. McAllister's notice of appeal specifically stated that he would be challenging the trial court's March 11, 2013 order granting summary judgment in favor of Farmers Insurance. While this appeal was pending, on December 15, 2104, Farmers Insurance filed a motion to dismiss the appeal against it, arguing that this Court had no subject matter jurisdiction to consider issues relative to its grant of summary judgment. On December 30, 2014, this Court denied the motion. The denial of a motion to dismiss, however, is interlocutory in nature. *C.f. Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 337 (Tenn. 1985). Because of our duty to ensure that we have subject matter jurisdiction to adjudicate this appeal, discussed in detail *infra*, we will again consider whether this Court has jurisdiction to consider claims relative to Farmers Insurance.

Mr. McAllister raises additional issues in his supplemental brief to this Court, specifically with regard to whether the trial court erred in allowing counsel for the opposing parties to draft proposed orders.[6]

## Discussion

We recognize that Mr. McAllister is proceeding pro se in this appeal and, therefore, may not be fully familiar with the Rules of this Court. Accordingly, we keep in mind the following guidance:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

> The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

> \* \* \*

> Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the

---

[6] In the argument section of its brief, Farmers Insurance also seeks an award of attorney's fees incurred in defending what it argues is a frivolous appeal. *See* Tenn. Code Ann. § 27-1-122 ("When it appears . . . that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant . . . ."). This Court has previously held, however, that an appellee that seeks affirmative relief in this Court must include that issue in the statement of the issues section of its appellate brief. *See **Forbess v. Forbess***, 370 S.W.3d 347, 357 n.13 (Tenn. Ct. App. 2011). Otherwise the issue is waived. ***Id.*** Consequently, Farmers Insurance's request for attorney's fees is waived.

substance, rather than the form or terminology, of a pro se litigant's papers.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903–04 (Tenn. Ct. App. 2003) (internal citations omitted); *see also Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995). Before proceeding to discuss the merits of Mr. McAllister's appeal, however, we must first discuss this Court's subject matter jurisdiction and the appropriate scope of our review.

## Scope of Review

Rule 13 of the Tennessee Rules of Appellate Procedure provides that our "review generally extends only to those issues presented for review. [We] shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." *See* Tenn. R. App. P. 13(b). We "cannot exercise jurisdictional powers that have not been conferred directly to [us] expressly or by necessary implication." *Tennessee Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 55 (Tenn. Ct. App. 2007) (citations omitted). "Subject matter jurisdiction may be raised at any time by the parties or by the appellate court sua sponte on appeal." *Holley v. Holley*, 420 S.W.3d 756 (Tenn. Ct. App. 2013) (citing *County of Shelby v. City of Memphis*, 365 S.W.2d 291 (Tenn. 1969)).

In this case, Farmers Insurance obtained summary judgment in its favor on all claims against it by order of March 11, 2013. The trial court's order is certified as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, which states:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment

6

> adjudicating all the claims and the rights and liabilities of all the parties.

The trial court's March 11, 2013 order specifically states that there is no just reason for delay and directs entry of the judgment pursuant to Rule 54.02. Accordingly, the trial court's March 11, 2013 order granting summary judgment was final and appealable on that day. As such, Mr. McAllister had thirty days in which to file a notice of appeal challenging that ruling in this Court. Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Appeals . . . the notice of appeal required by Rule 3 shall be filed . . . within 30 days after the date of entry of judgment appealed from[.]"); *see also **Ball v. McDowell***, 288 S.W.3d 833, 836 (Tenn. 2009) ("The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal."). This Court is prohibited from extending the time allowed for taking an appeal as of right. Tenn. R. App. P. 2; ***Edmundson v. Pratt***, 945 S.W.2d 754 (Tenn. Ct. App. 1996). Because Mr. McAllister did not file a timely appeal of the March 11, 2013 order, nor seek to toll the expiration of the thirty-day time frame in any other way, this Court has no subject matter jurisdiction to consider Mr. McAllister's argument that the trial court ruled erroneously in granting summary judgment to Farmers Insurance. *See **Coldwell Banker-Hoffman Burke v. KRA Holdings***, 42 S.W.3d 868, 873 (Tenn. Ct. App. 2000) (holding that a notice of appeal must be filed within thirty days after the entry of a judgment pursuant to Rule 54.02 to vest subject matter jurisdiction in the Court of Appeals); *see also **Adler v. City of Johnson City***, No. E2013-01309-COA-R3-CV, 2015 WL 1893985 (Tenn. Ct. App. April 27, 2015) (holding that the Court of Appeals was deprived of jurisdiction to consider an issue when the notice of appeal was filed more than thirty days from the entry of a judgment pursuant to Rule 54.02) (citing ***Ball***, 288 S.W.3d at 836 ("[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal.")). Accordingly, this Court simply cannot consider any argument with regard to whether Farmers Insurance was properly granted summary judgment in its favor. Mr. McAllister's appeal against Farmers Insurance is, therefore, dismissed.

Although it is unclear from Mr. McAllister's brief, Mr. McAllister also appears to argue that the trial court erred in failing to allow Mr. McAllister to amend his complaint to include allegations against Mid-Century Insurance. As previously discussed, Mr. McAllister filed a motion to amend his complaint to add allegations against Mid-Century Insurance, but that motion was denied by the trial court. The trial court's decision on that issue became final when the trial court entered an order dismissing Mr. McAllister's complaint for failure to prosecute. *See* Tenn. R. App. P. 3(a) ("Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and

liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties."). Once the order on the involuntary dismissal was entered, Mr. McAllister again had thirty days to either (1) file a motion to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure;[7] (2) file a motion for new trial pursuant to Rules 59.02 and 59.07 of the Tennessee Rules of Civil Procedure;[8] or (3) file a notice of appeal in this Court. Without taking one of these actions within the thirty-day time period, the trial court's judgment becomes final, and this Court is deprived of jurisdiction to consider any errors arising therein. As explained by the Tennessee Supreme Court in ***Ball v. McDowell***:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)-(b). If timely, certain post-trial motions, such as [a] motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R. App. P. 4(b); *see **Binkley v. Medling***, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See **Binkley***, 117 S.W.3d at 255. **Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal.** *Id.*; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

***Ball***, 288 S.W.3d at 836 (emphasis added) (footnotes omitted).

In this case, Mr. McAllister failed to take any of the above actions in the thirty days after the entry of the final judgment. Therefore, this Court has no subject matter jurisdiction to consider any issues regarding the trial court's substantive rulings, including its decision to

---

[7] Rule 59.04 provides: "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."

[8] Rule 59.02 states: "A motion for new trial and all other motions permitted under this rule shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58." Rule 59.07 states: "A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury for any of the reasons for which new trials have heretofore been granted."

prohibit Mr. McAllister from filing an amended complaint to include allegations against Mid-Century Insurance. Accordingly, to the limited extent that Mid-Century Insurance is a party to this appeal, the appeal against it is dismissed. Only issues arising from the trial court's denial of Mr. McAllister's motion to set aside the final judgment of dismissal with regard to the remaining claims against Mr. Rash are properly before this Court.

## Briefing Requirements

Before we address the substantive issue in this case, we must address one final procedural hurdle: the fact that our review of the propriety of the trial court's ruling is hampered by Mr. McAllister's failure to comply with the briefing rules of this Court. Rule 27 of the Tennessee Rules of Appellate procedure outlines the required contents of an appellant's brief to this Court. According to Rule 27(a):

> The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
>
> (4) A statement of the issues presented for review;
>
> (5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
>> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with

9

citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

In addition, Rule 6 of the Rules of the Tennessee Court of Appeals provides:

(a) Written argument in regard to each issue on appeal shall contain:

(1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Mr. McAllister's initial brief is deficient in several respects. First, Mr. McAllister's initial brief contains absolutely no references to the appellate record. The obligation to provide appropriate references to the record is not a mere technicality, but instead promotes the important consideration of judicial economy. "[T]his Court is under no duty to blindly search the record in order to find . . . evidence to support [Mr. McAllister's arguments]." *Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989) (citations omitted). Our courts have repeatedly held that the failure to make appropriate references to the record on appeal may result in a waiver of the argument on appeal. *See, e.g., Forbess v. Forbess*, 370 S.W.3d 347, 355 (Tenn. Ct. App. 2011); *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009); *Lett v. Collis Foods, Inc.*, 60 S.W.3d 95, 105 (Tenn. Ct. App. 2001); *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000); *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 210 (Tenn. Ct. App. 1994).

In addition, Mr. McAllister's initial brief contains no table of authorities outlining the statutes and caselaw relied upon by Mr. McAllister in his brief. This omission is not surprising, however, as Mr. McAllister brief to this Court contains no citation to any relevant legal authority. Indeed, although Mr. McAllister was clearly aware of Rule 60.02, as he cited that rule in his motion to set aside, he simply failed to include any citation to that rule, or any other relevant law, in his appellate brief. Finally, and most importantly, Mr. McAllister's brief is completely devoid of an argument section, much less one in compliance with Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure or Rule 6 of the Rules of the Tennessee Court of Appeals.

Mr. McAllister, however, was permitted to file a supplemental brief to this Court. While Mr. McAllister's supplemental brief does contain citation to appropriate authority and a table of authorities, it is still devoid of any references to the appellate record. Given Mr. McAllister's pro se status and his supplemental brief, we will exercise our discretion to consider the substantive issue of whether the trial court erred in denying Mr. McAllister's motion to set aside the final judgment of dismissal.

## Rule 60.02

As previously discussed, Mr. McAllister raises only one issue that is properly before this Court: whether the trial court erred in denying his Rule 60.02 motion to set aside the trial court's final judgment of dismissal. Here, the trial court granted Mr. Rash an involuntary dismissal after Mr. McAllister failed to appear at trial pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. Rule 41.02(1) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for

11

dismissal of an action or of any claim against the defendant." More than thirty days after the entry of the judgment, Mr. McAllister filed a motion to set aside pursuant to Rule 60.02. Rule 60.02 states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn.1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Constr. Co*., Inc., 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). "Rule 60.02 is meant to be used only in those few cases that meet one or more of the criteria stated." *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991).

In his motion, Mr. McAllister argues that his failure to appear at trial was the result of excusable neglect pursuant to Rule 60.02(1). A motion for relief under Rule 60.02(1) must be made within a reasonable time but not more than one year after the judgment, order or proceeding was entered. Tenn. R. Civ. P. 60.02. Mr. Rash does not assert that Mr. McAllister's filing of his motion thirty-two days after the entry of the final judgment was not timely. In addition, because Mr. McAllister filed his notice of appeal within thirty days of the entry of the order denying his Rule 60.02(1) motion, this Court has jurisdiction to consider Mr. McAllister's argument that the trial court erred in denying his motion.

The mistake, inadvertence, surprise and excusable neglect provision of Rule 60.02(1) provides a subjective standard for determining when a party's actions are sufficiently blameless to warrant relief from a judgment or order. *Hopkins v. Hopkins*, 572 S.W.2d 639, 640 (Tenn. 1978). The burden of proof is on the party seeking Rule 60.02 relief. The bar for obtaining relief is set very high, and the burden borne by the moving party is heavy. *Johnson*

12

*v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001). However, liberality is applied when the party seeks Rule 60.02(1) relief from a dismissal for failure to prosecute. ***Henry v. Goins***, 104 S.W.3d 475, 481 (Tenn. 2003). To obtain relief under Rule 60.02(1), "a party must present properly supported facts explaining why he or she was justified in failing to avoid mistake, inadvertence, surprise or neglect." ***Dockery v. State***, No. M2006-00014-COA-R3-CV, 2007 WL 2198195, at *3 (Tenn. Ct. App. July 23, 2007). The trial court should then consider both these facts and the type of the underlying judgment or order from which the party seeks relief. *Id.* Although matters outside a party's control will almost always be excusable, ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. 380, 387–88, 113 S.Ct. 1489, 1494–95 (1993), when a party is at fault, close scrutiny is in order to determine whether the action—or inaction—constitutes excusable neglect. *See* ***Williams v. Baptist Memorial Hosp.***, 193 S.W.3d 545, 550–551 (Tenn. 2006); ***State ex rel Sizemore v. United Physicians Ins. Risk Retention Group***, 56 S.W.3d 557, 567 (Tenn. Ct. App. 2001).

We review a trial court's decision to grant or deny relief pursuant to Rule 60.02 under the abuse of discretion standard of review. ***Henry***, 104 S.W.3d at 479. Under this standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *Id.* Under the abuse of discretion standard, the appellate court may not substitute its judgment for that of the trial court. *Id.* Furthermore, our Supreme Court emphasizes that great deference is given to the trial court when reviewing its decision to grant or deny relief pursuant to Rule 60.02. ***Henry***, 104 S.W.3d at 479.

Mr. McAllister first argues that the trial court erred in entering an order drafted by opposing counsel. While proposed orders drafted by attorneys are not necessarily recommended, the Tennessee Supreme Court has held that they are acceptable when the order accurately reflects the decision of the court and is a product of the trial court's own independent deliberations. *See* ***Smith v. UHS of Lakeside, Inc.***, 439 S.W.3d 303, 316 (Tenn. 2014). In this case, Mr. McAllister declined to file either a transcript or Statement of Evidence to this Court in order for this Court to determine whether the order entered accurately reflects the independent deliberations of the trial court. It is well-settled that it is the appellant's duty to prepare a record for our review that includes everything contained in the trial court record that is necessary for our examination of the issues presented on appeal. ***Aurora Loan Servs., LLC v. Woody***, No. W2014-00761-COA-R3-CV, 2014 WL 7463032, at *3 n.4 (Tenn. Ct. App. Dec. 30, 2014) (citing Tenn. R. App. P. 24). To the extent that the absence of a full record precludes this Court from reviewing the appellant's issues, the trial court's ruling is presumed to be correct. *See* ***Outdoor Management, LLC v. Thomas***, 249

13

S.W.3d 368, 379 (Tenn. Ct. App. 2007). Because Mr. McAllister failed to provide this Court with any evidence that the trial court's order denying the motion to set aside the final judgment of dismissal was anything other than the product of the trial court's independent deliberations, we must conclude that the trial court did not err in entering an order drafted by counsel for Mr. Rash.

Mr. McAllister next argues that the trial court erred in granting Mr. Rash an involuntary dismissal when no written motion to dismiss was filed. We note that despite Mr. McAllister's contention otherwise, nothing in the Tennessee Rules of Civil Procedure indicates that a motion for an involuntary dismissal cannot be made orally when a plaintiff fails to appear at trial. *See generally* Tenn. Civ. P. R. 41.02; *see also **In re Estate of Russell***, No. E2004-0765-COA-R3-CV, 2005 WL 1390003, at *1 (Tenn. Ct. App. June 14, 2005) (affirming the trial court's involuntary dismissal of the plaintiff's action, where the defendants moved for dismissal after the plaintiff failed to appear at trial). Indeed, Rule 41.02 allows the trial court to dismiss a case for failure to prosecute sua sponte, that is, without any motion whatsoever from the defending party. *See **Byrd v. City of Memphis***, No. W2003-01943-COA-R3-CV, 2004 WL 2607562, at *2 (Tenn. Ct. App. Nov. 15, 2004) (citing ***Hodges v. Attorney General***, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000)). Accordingly, the trial court did not err in granting the involuntary dismissal, despite the fact that no written motion requesting such relief was ever filed.

Finally, after thoroughly reviewing the record on appeal, we conclude that the trial court did not abuse its discretion in denying Mr. McAllister's motion to set aside the final judgment of dismissal. The facts surrounding Mr. McAllister's Rule 60.02 motion are largely undisputed. Mr. McAllister admits that he had actual notice of the trial date. According to Mr. McAllister's motion, he simply did not "remember" the trial date because of his mental health issues. Here, both Mr. McAllister's affidavit and the affidavit of his Mother indicate that while Mr. McAllister was hospitalized for mental health issues prior to the trial, his last hospitalization ended on March 17, 2014, nearly one month prior to trial. Thus, despite the fact that Mr. McAllister was not hospitalized in the weeks leading up to trial, and indeed was healthy enough to be discharged, he never informed either opposing counsel or the trial court that he was unable to proceed with his case. Accordingly, Mr. McAllister failed to offer a sufficient justification for his failure to appear at trial or to seek a continuance of the trial date. *See **Dockery***, 2007 WL 2198195, at *3. In addition, the record shows that Mr. McAllister had been obstructive during the discovery period by failing to comply with court orders and allegedly failing to appear at other hearings. Indeed, the record shows that Mr. McAllister's complaint had been pending for some time in the trial court without activity; there is an eight month delay from the last filing in the trial court until the

14

trial date. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying Mr. McAllister's motion.

## Conclusion

This appeal is dismissed as it relates to Defendant/Appellee Farmers Insurance Group and, to the extent that it ever became a party, Mid-Century Insurance Group. The judgment of the Circuit Court of Knox County denying the motion to set aside the final judgment of dismissal is affirmed. This cause is remanded to the trial court for all further proceedings as are necessary and are consistent with this Opinion. Costs of this appeal are taxed to Plaintiff/Appellant Robert McAllister, and his surety.

_____

J. STEVEN STAFFORD, JUDGE