IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2021 Session

## COOKEVILLE PLATINUM, LLC v. SATELLITE M.D., LLC

**Appeal from the Chancery Court for Putnam County**
**No. 2020-51          Ronald Thurman, Chancellor**
_____

### No. M2021-00341-COA-R3-CV
_____

This appeal arises from a breach of contract action brought by the successful bidder at a real estate auction. Following the auction, the execution of a Commercial Purchase and Sale Agreement ("Purchase Agreement"), and the buyer's remittance of the required earnest money, the parties disputed whether a gravel alley was to be included in the sale. After the seller refused to include the gravel alley in the sale, the buyer refused to close the sale and commenced this action, seeking to recover from the seller the earnest money deposit plus all costs and attorney's fees incurred in these proceedings. Following the filing of the complaint and answer, each party filed a Tenn. R. Civ. P. 12.03 motion for judgment on the pleadings with the principal issues being whether the Purchase Agreement, which included an integration clause, constituted the complete agreement of the parties and, if so, whether the property description within the Purchase Agreement unambiguously identified the property to be sold as including the disputed gravel alley. The trial court granted the buyer's motion based on its determination that the Purchase Agreement was fully integrated and constituted the parties' complete agreement. The trial court also ruled that any evidence contradicting or supplementing the property description was inadmissible. After assessing the plain language of the Purchase Agreement, the trial court found that the property description clearly and unambiguously referenced a deed map, which included the gravel alley. For these reasons, the trial court held that the seller breached the contract by refusing to include the gravel alley in the sale and ordered that the buyer's earnest money be refunded with interest. The buyer then moved for an award of attorney's fees based on the terms of the Purchase Agreement, which the trial court granted. This appeal followed. Finding no error, we affirm the trial court in all respects. We also find that the buyer, as the prevailing party, is entitled to recover the reasonable and necessary costs and attorney's fees it incurred in defending this appeal. Accordingly, we remand this issue to the trial court to make the appropriate award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and JOHN W. MCCLARTY, J., joined.

W. Scott Sims, R. Mark Donnell, Jr., Evan S. Rothey, Nashville, Tennessee, for the appellant, Satellite M.D., LLC.

Taylor A. Williams and Thomas H. Jarvis, Knoxville, Tennessee, for the appellee, Cookeville Platinum, LLC.

## OPINION

### FACTS AND PROCEDURAL HISTORY

In January 2020, Cookeville Platinum, LLC ("Platinum") and Satellite M.D., LLC ("Satellite") were negotiating the sale of real property located at 1238 Bunker Hill Road; however, the negotiations fell through when Satellite informed Platinum that it would not include a gravel alley, located on the property's western boundary, in the sale.

On February 20, 2020, Satellite conducted an auction for the sale of the property. The auction posting included, *inter alia*, a link to a survey plat, recorded prior to the close of auction, showing that the gravel alley was not included in the property's new boundary line. Platinum entered the winning bid.

On February 24, 2020, Satellite and Platinum entered into the Purchase Agreement, which described the property to be sold as:

> All of that tract of land known as: 1238 Bunker Hill Rd., Cookeville, Tennessee, 38506, as recorded in Putnam County Register of Deeds Office, RB984 deed book(s), 786 page(s), . . .and as further described as: Map 066 Parcel 084.00 in Cookeville, TN . . . all being hereinafter collectively referred to as the "Property", as more particularly described in Exhibit 'A' or if Exhibit A is not attached as is recorded with the Register of Deeds of the county in which the Property is located and is made a part of this Commercial Purchase and Sale Agreement . . . by reference.

Significantly, Exhibit A was not included within the Purchase Agreement, nor was there any reference to another external document. Moreover, the referenced deed map described the property as including the gravel alley. In addition to the property description, the Purchase Agreement contained an integration clause stating, "[t]his Agreement constitutes the sole and entire agreement between the parties hereto and no modification of this Agreement shall be binding unless signed by all parties or assigns to this Agreement."

Once both parties signed the Purchase Agreement, Platinum remitted the required $137,000 in earnest money, which was placed into escrow pending the closing. Prior to closing, however, Platinum learned that Satellite would not include the gravel alley in the sale, and Platinum refused to close unless the gravel alley was included. As a consequence

- 2 -

of the stalemate, Platinum demanded the return of its earnest money. When Satellite refused to return Platinum's earnest money, Platinum commenced this action.

In their respective pleadings, both parties filed countervailing breach of contract claims. Thereafter, both parties moved for judgment on the pleadings. Platinum argued that the Purchase Agreement was a fully integrated, unambiguous contract and, as such, Satellite could not introduce evidence to alter or supplement its terms. For this reason, Platinum maintained that the property to be sold included the gravel alley.

For its part, Satellite argued that the auction posting, which included terms and a survey plat, together with the parties' prior negotiations and an "as is, where is" clause in the Purchase Agreement, showed that the parties formed a contract for the purchase and sale of property that did not include the gravel alley.

After a hearing on December 11, 2020, the trial court granted Platinum's motion for judgment on the pleadings and denied Satellite's motion. Based on the Purchase Agreement's integration clause, the trial court concluded that the Purchase Agreement was fully integrated. For this reason, the court refused to consider evidence of prior negotiations, auction terms, or the new survey plat. Moreover, in reviewing the Purchase Agreement, the trial court determined that the property description referencing the deed was unambiguous. Based on these findings, the court concluded that the boundaries of the property to be sold included the disputed gravel alley and that Satellite's refusal to include the gravel alley in the sale constituted a breach of contract.

Platinum then moved for an award of attorney's fees relying on Paragraph 15(H) of the Purchase Agreement which provides that, in the event of a breach by one party, the nonbreaching party should be entitled to recover all costs of enforcement, including reasonable attorney's fees. Based on its prior ruling that Satellite breached the Purchase Agreement, the trial court granted Platinum's motion to recover its reasonable costs and attorney's fees.

In its final order, the trial court ruled that Platinum was entitled to recover the earnest money paid according to the Purchase Agreement in the amount of $137,000 and awarded Platinum $36,510 in attorney's fees and costs. The court also ruled that Platinum was entitled to post-judgment interest at a rate of 5.25% per annum. This appeal followed.

## ISSUES

Satellite raises three issues,[1] which we have consolidated and restated. Satellite's principal issue is whether the trial court erred in granting Platinum's motion for judgment

---

[1] Satellite's issues were stated as follows:

- 3 -

on the pleadings. To decide this issue, we must first determine: (1) whether the Purchase Agreement, which included an integration clause, constituted the complete agreement of the parties, and, if so, (2) whether the property description within the Purchase Agreement unambiguously identified the property to be sold as including the disputed gravel alley. Satellite also contends that the trial court erred in awarding Platinum a judgment of $36,510 for attorney's fees and costs. For its part, Platinum contends that the trial court should be affirmed in all respects; it additionally seeks to recover the costs and attorney's fees it incurred in this appeal.

## STANDARD OF REVIEW

Because distinctly different standards of review pertain to the issues on appeal, we shall identify the standard that applies to each issue as it is discussed below.

## ANALYSIS

### I. JUDGMENT ON THE PLEADINGS

Any party, whether the plaintiff, defendant, or counter-claimant, may move for judgment on the pleadings. Tenn. R. Civ. P. 12.03. "A motion for judgment on the pleadings tests only the validity of the legal theories pled by the party opposing the motion, and not the strength of the proof." *Brewer v. Piggee*, No. W2006-01788-COA-R3-CV, 2007 WL 1946632, at *6 (Tenn. Ct. App. July 3, 2007) (citations omitted). A motion for judgment on the pleadings "is filed pursuant to Tennessee Rule of Civil Procedure 12.03 and is similar to a motion to dismiss for failure to state a claim, except that it is made after an answer is filed rather than before." *Edwards v. Urosite Partners*, No. M2016-01161-COA-R3-CV, 2017 WL 1192109, at *3 (Tenn. Ct. App. Mar. 30, 2017) (citations omitted).

"We review a trial court's decision on a Tennessee Rules of Civil Procedure 12.03 motion . . . de novo with no presumption of correctness." *Voya Ret. Ins. & Annuity Co. v. Johnson*, No. M2016-00435-COA-R3-CV, 2017 WL 4864817, at *1 (Tenn. Ct. App. Oct. 27, 2017) (citing *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). "We assume all factual allegations of the non-moving party are true." *Id.* (citation omitted). "We must also accept as true 'all reasonable inferences drawn' from the non-moving party's well-pleaded facts and 'treat as false all allegations of . . . the moving party[] which are denied.'" *City of Morristown et al. v. Michael W. Ball et al.*, No. E2020-01567-COA-R3-CV, 2021 WL 4449237, at *4 (Tenn. Ct. App. Sept. 29, 2021) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)). "Conclusions of law are not admitted nor should judgment

---

1. Whether the trial court erred in granting Cookeville Platinum, LLC's motion for judgment on the pleadings.
2. Whether the trial court erred in denying Satellite M.D., LLC's motion for judgment on the pleadings.
3. Whether the Court erred in awarding post-judgment interest, court costs, and attorney's fees to Cookeville Platinum, LLC.

on the pleadings be granted unless the moving party is clearly entitled to judgment." *Id*. "[I]f the facts alleged in a pleading, or the reasonable inferences that may be drawn therefrom, could entitle the pleader to recovery under any legal theory, even if not the legal theory proposed in the pleading, judgment on the pleadings is inappropriate." *Id*. at *5 (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 427 (Tenn. 2011)).

In granting Platinum's motion for judgment on the pleadings, the trial court concluded that the Purchase Agreement was fully integrated. For this reason, the court refused to consider evidence of prior negotiations, auction terms, or the new survey plat. Moreover, in reviewing the Purchase Agreement, the trial court determined that the property description referencing the deed was unambiguous. Based on these findings, the court concluded that the boundaries of the property to be sold included the disputed gravel alley and that Satellite's refusal to include the gravel alley in the sale constituted a breach of contract.

## A. Fully Integrated Contracts

"An integrated agreement is a writing constituting a final expression of one or more terms of an agreement; a completely integrated agreement has been 'adopted by the parties as a complete and exclusive statement of the terms of the agreement.'" *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tenn., Inc.*, 566 S.W.3d 671, 696 (Tenn. 2019) (citing *Schaeffer v. Am. Honda Motor Co.*, 976 F.Supp. 736, 741 (W.D. Tenn. 1997)) (footnote omitted). The Purchase Agreement states in pertinent part: "This Agreement constitutes the sole and entire agreement between the parties hereto and no modification of this Agreement shall be binding unless signed by all parties or assigns to this Agreement." Based on the clear language used by the parties, the Purchase Agreement constitutes a completely integrated agreement.

The parol evidence rule prohibits the use of extrinsic evidence to supplement or contradict the written terms of a fully integrated contract. *Id*. at 694. In fact, "the parol evidence rule is most restrictive when the contract at issue is fully or completely integrated—that is, when it is intended to be the complete and exclusive statement of the parties' agreement." *Id*. (citations omitted).

> When a contract is fully integrated, the parol evidence rule does more than prohibit the use of pre-contract negotiations to contradict the contract's terms; it also prohibits the use of pre-contract negotiations within *the scope of* the agreement in a way that would *supplement or limit* its terms, even if that evidence is consistent with the written terms of the contract. *See id.*; *see also Anderson v. St. Louis Terminal Warehouse Co.*, 173 F.2d 436, 438 (6th Cir. 1949); *Strickland v. City of Lawrenceburg*, 611 S.W.2d 832, 838 (Tenn. Ct. App. 1980) (citing *Bunge Corp. v. Miller*, 381 F.Supp. 176, 178 (W.D. Tenn. 1974)). In other words, "[w]hen a contract is

partially integrated, it may not be contradicted by parol evidence, but may be supplemented by consistent, additional terms;" however, when a contract is fully integrated, "it also may not be ... supplemented by additional terms, whether consistent or inconsistent." FELDMAN, 21 Tenn. Practice § 8:50 (emphasis added); *see* Restatement (Second) of Contracts § 213 & cmt. c ("Where the parties have adopted a writing as a complete and exclusive statement of the terms of the agreement, even consistent additional terms are superseded.").

*Id*. at 696-97 (footnote omitted). As our Supreme Court further explained in *Individual Healthcare Specialists*:

When the parties' contracts are fully integrated, general extrinsic evidence of context may be used to interpret the contractual language in line with the parties' intent, but *the parol evidence rule prohibits the use of evidence of pre-contract negotiations in order to vary, contradict, or supplement the contractual terms of a fully integrated agreement*.

*Id*. at 697 (emphasis added).

Accordingly, we agree with the trial court's conclusion that the Purchase Agreement was fully integrated. We also agree with the determination that the court may not consider parol evidence of prior negotiations, auction terms, or the new survey plat to the extent such evidence would "vary, contradict, or supplement the terms of the Purchase Agreement." *See id*.

### B. Is the Property Description Unambiguous?

We must now determine whether the property description within the Purchase Agreement unambiguously identified the property to be sold as including the disputed gravel alley.

"A contract provision is ambiguous *only* when it is of uncertain meaning and may be fairly understood in more ways than one." *Dog House Investments, LLC v. Teal Properties, Inc.*, 448 S.W.3d 905, 913 (Tenn. Ct. App. 2014) (quoting *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890 (Tenn. 2002)) (emphasis added). If the terms of a valid contract are "clear and unambiguous, the literal meaning of the language controls the outcome of contract disputes." *Planters Gin*, 78 S.W.3d at 890.

The property description, located on the first page of the Purchase Agreement, identifies the property to be sold as:

All of that tract of land known as: 1238 Bunker Hill Rd., Cookeville, Tennessee, 38506, as recorded in Putnam County Register of Deeds Office, RB984 deed book(s), 786 page(s), . . .and as further described as: Map 066 Parcel 084.00 in Cookeville, TN . . . all being hereinafter collectively referred to as the "Property", as more particularly described in Exhibit 'A' *or if Exhibit A is not attached as is recorded with the Register of Deeds of the county in which the Property is located and is made a part of this Commercial Purchase and Sale Agreement . . . by reference.*

(Emphasis added).

While the provision mentions an Exhibit A, no such exhibit was included. In the absence of such an exhibit, the Purchase Agreement specifically references and incorporates the property description "as is recorded with the Register of Deeds" of Putnam County. This language cannot be fairly understood to reference anything other than the specific map that it identifies by book and page numbers. For this reason, the property description is clear and unambiguous.

Thus, turning to the plain language of the Purchase Agreement, the property to be sold is the property laid out in the expressly referenced deed "as recorded in Putnam County Register of Deeds Office," the property description of which includes the disputed gravel alley. Therefore, we affirm the trial court's decision to grant Platinum's motion for judgment on the pleadings and to deny Satellite's motion.[2]

## II.     THE TRIAL COURT'S AWARD OF ATTORNEY'S FEES

A party to a civil action may not recover its attorney's fees in the absence of a statute, contractual provision, or other recognized ground allowing for recovery. *See Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009). Costs and attorney's fees are recoverable under an express contractual provision "if the language of the agreement is broad enough to cover such expenditures." *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985) (citations omitted). Thus, parties that have prevailed in litigation to enforce contract rights are entitled to recover their reasonable attorney's fees if they can demonstrate that the contract upon which the claim is based "contains a provision entitling the prevailing party to its attorney's fees." *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *3 (Tenn. Ct. App. July 17, 2001).

---

[2] We note that Satellite's challenge to the "cascade of errors" that followed the grant of Platinum's motion for judgment on the pleadings is dependent on the propriety of that decision. Because we have affirmed the trial court's grant of judgment on the pleadings in favor of Platinum on the breach of contract claim, this renders moot Satellite's contention that Platinum was not entitled to recover post-judgment interest on the monetary awards. *See* Tenn. Code Ann. § 47-14-122 (mandating such an award).

The Purchase Agreement upon which Platinum's breach of contract claim is based entitles "the prevailing party" to recover post-judgment interest, court costs, and attorney's fees. Paragraph 15(H) of the Purchase Agreement provides: "In the event that any party hereto shall file suit for breach or enforcement of this Agreement . . . the prevailing party *shall be* entitled to recover all costs of such enforcement, including reasonable attorney's fees." (Emphasis added).

The plain language of this provision is clear. As the prevailing party, Platinum is entitled to recover all costs of enforcement, including reasonable attorney's fees. Thus, we affirm the trial court's ruling that Platinum was entitled to recover its reasonable and necessary costs and attorney's fees incurred in enforcing its rights under the Purchase Agreement.

This brings us to the question of the amount of the award, "a trial court evaluating the reasonableness of an award of attorney's fees must consider the factors provided in Tennessee Supreme Court Rule 8, RPC 1.5." *Ellis v. Ellis*, 621 S.W.3d 700, 708 (Tenn. Ct. App. 2019) (citing *Wright ex rel. Wright*, 337 S.W.3d 166, 185 (Tenn. 2011)). Some of the factors to be considered in determining the reasonableness of a fee include:

> "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; . . . (3) the fee customarily charged in the locality for similar legal services; . . . (7) the experience, reputation, and ability of the lawyer or lawyers performing the services[.]"

Tenn. Sup. Ct. R. 8, RPC 1.5.

The amount of attorney's fees to award is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. *See Eberbach v. Eberbach*, 535 S.W.3d 467, 479 (Tenn. 2017); *see also Wright*, 337 S.W.3d at 176. The abuse of discretion standard does not permit reviewing courts to substitute their discretion for the discretion of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, the abuse of discretion standard of review does not immunize a lower court's decision from any meaningful appellate scrutiny. *Id*.

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. . . .

[R]eviewing courts should review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions. When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the [trial] court's legal determinations de novo without any presumption of correctness.

*Id*. at 524-25 (citations omitted). Therefore, in our review of the trial court's decision to award $36,510 in costs and attorney's fees to Platinum, we shall determine whether there is a factual basis for the decision, whether the court properly identified and applied the applicable legal principles, and whether the amount of the award is within the range of acceptable alternative dispositions. *Id*. at 524.

The record includes an affidavit and itemized list of legal services provided by Platinum's counsel detailing "the time and labor involved in the case, the novelty of the questions presented, and the skill required to perform the services properly." Further, the trial court noted that "the amount is reasonable because the fees charged were customary in the locality for similar legal services[.]" Accordingly, we find that a factual basis for the award of fees is in the record, and the trial court properly identified and applied the relevant legal principles. Moreover, although Satellite contends Platinum is not entitled to recover any of its attorney's fees because Satellite did not breach the agreement, Satellite does not identify any factual or legal basis upon which the trial court erred in reaching its conclusion that the award of $36,510 in costs and attorney's fees was within the range of reasonable alternatives. Therefore, we also find that the amount of the award was within the range of reasonable alternatives.

Accordingly, we affirm the trial court's decision to award Platinum $36,510 in costs and attorney's fees.

### III. ATTORNEY'S FEES INCURRED BY PLATINUM ON APPEAL

In its statement of the issues, Platinum seeks to recover the attorney's fees and costs it incurred in this appeal. Because Platinum prevailed on all issues on appeal, we find it is entitled, pursuant to Paragraph 15(H) of the Purchase Agreement, to recover the reasonable and necessary costs and attorney's fees it incurred in defending this appeal.

Accordingly, we remand this issue to the trial court to determine the reasonable and necessary costs and attorney's fees Platinum incurred in defending this appeal and to make the appropriate award.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and we remand this matter to the trial court to determine the reasonable and necessary costs and attorney's fees Platinum incurred in defending this appeal and to make the appropriate award. Costs of appeal are assessed against Satellite M.D., LLC.

_____
FRANK G. CLEMENT JR., P.J.,